**James Paradice COX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–462–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1992.

Discretionary Review Refused
April 7, 1993.

Karen Zellars, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Asst. Dist. Atty., Houston, for the State.

Before GILBERTO HINOJOSA, DORSEY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, James Paradice Cox, of burglary of a habitation. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1992). Punishment was assessed by the jury at life in the penitentiary. By three points of error, appellant complains of the jury charge, the prosecutor's jury argument, and the inadequacy of the trial court's admonishments regarding his decision to proceed *pro se*. We affirm.

At trial, Nathaniel Johnson, testified that he was driving a church bus on Lee Street in Houston's "Fifth Ward," when he saw appellant and another person using a screwdriver to pry the back door off of a house. Johnson asked the neighbors who the landlord was, and they informed him that the landlord lived down the street. Johnson went to the landlord's house and told him that the house was being burglarized.

Johnson and the landlord immediately went to the house. They saw appellant and at least one other man. At this point Johnson's testimony was contradictory. He testified on direct examination that he saw appellant and another man coming out of the house with the complainant's personal property. He later testified that he never saw appellant in the house. He testified without contradiction that he saw appellant running away from the house with a tool bag. Johnson also testified that he noticed other items of personal property stacked up outside the back door.

Johnson testified that when appellant and the other man saw Johnson and the landlord, the burglars began running down the street. Johnson and the landlord cried out for them to stop. Several men standing outside "Club 98," a local bar, succeeded in stopping appellant. The other man,

however, escaped. Johnson testified that he stayed at the scene until the police arrived.

Clayton Coston, the tenant, testified that his personal property was in disarray when he returned. His valuable property, including an electric saw and a lawnmower, was moved from its normal places to just inside the back door. Coston also testified that he found a bag with some smoked bacon from his refrigerator and a screwdriver in a lot nearby his house. The screwdriver fit into the marks on the back door of his house. He further stated that he had not given appellant permission to enter the house.

Appellant testified that he and two "associates" were walking down Lee street, and one associate told him they had something they wanted him to sell for them. The went to Coston's house and one of the associates told him that he lived there. Appellant went to the back of the house and waited, drinking beer. Suddenly, a man came from around the house and told them to stop. Appellant's associates began running. Appellant testified that he also began to run because they ran. One of appellant's associates was carrying a chainsaw from the house. Appellant testified that he heard an outcry and stopped running when he reached Club 98. He also stated that when the police arrived he cooperated with them. The police arrested appellant. He was taken to jail, and later charged with the burglary.

█ In appellant's first point of error he complains that the trial court erred in charging the jury on the law of parties. Appellant concedes that the evidence is sufficient to convict him as a principal. He argues, however, that no evidence supported his conviction as a party. Thus the trial court erred in charging the jury on the law of parties because the jury could have found him guilty on a theory unsupported by the evidence. Appellant did not object to the charge. We will reverse only if egregious error which prevented the defendant from receiving a fair trial exists in the charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

█ Appellant's premise is that the evidence did not support his conviction as a party. We disagree. The evidence showed that appellant was seen by Johnson attempting to pry a screen door off the back of the house. The house was entered and property taken. Persons, possibly including appellant, were seen inside the house. Appellant admitted he was in back of the house, but did not admit that he entered the house. One of appellant's associates was seen carrying off some of Coston's property.

A person can be convicted as a party to an offense if: "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1992). A rational jury could have concluded that appellant was assisting appellant's associates' entry into the house by prying open the screen door, but that he did not enter the house. Based on the circumstances, a rational jury could have concluded that appellant was doing so with intent to promote or assist in the commission of the burglary. Thus, the jury was entitled to convict appellant as a party or as a principal, depending upon how it viewed the evidence.

█ Even if appellant was correct and the evidence did not support submission of a question based on the law of parties, our result would not change. In *Black v. State*, 723 S.W.2d 674, 675 (Tex.Crim.App. 1986) and *Brown v. State*, 716 S.W.2d 939, 945–46 (Tex.Crim.App.1986), the Court of Criminal Appeals decided it was harmless error for the trial court to charge on the law of parties if the evidence supported the defendant's guilt as a principal, but not as a party. *See also Govan v. State*, 682 S.W.2d 567, 570–71 (Tex.Crim.App.1985). The Court of Criminal Appeals reasoned that if no evidence supported the defendant's conviction as a party, then the jury obviously did not convict on this theory. We agree, and find the error harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(1). Thus, the error cannot be egre-

gious. *Almanza,* 686 S.W.2d at 174. We overrule appellant's first point.

In appellant's second point of error he argues that the prosecutor made an improper jury argument during the guilt/innocence phase of trial. The evidence at trial showed that appellant had been incarcerated in the Harris County Jail for twenty-six months. The prosecutor argued that the reason why appellant was in jail for this period was because the trial court had "a good reason" for not releasing him on bond. Appellant objected, as did his appointed legal advisor. The trial court sustained the objection. Appellant's legal advisor asked for an instruction to disregard, which was given. Appellant's legal advisor then moved for a mistrial. The trial court denied the motion for mistrial. Immediately thereafter, the prosecutor stated that appellant had been in jail for twenty-six months, that "there's a good reason for that." No objection was made to this argument. Both parties agree this alleged error was preserved.

Appellant argues that the instruction to disregard did not cure the error in this case because the prosecutor immediately made the same improper argument. Appellant also argues that in determining whether the error was cured and whether the error was harmless, we must consider the effect other errors had on the proceedings. *Lopez v. State,* 705 S.W.2d 296, 298 (Tex. App.—San Antonio 1986, no pet.). We agree with appellant's contentions, but find the error harmless.

■ The general rule is that proper jury argument by the State involves: summation of the evidence, deductions from the evidence, an answer to the defendant's argument, and a plea for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex. Crim.App.1990). Examples of improper closing argument include references to facts not in evidence or incorrect statements of law. *See Palmer v. State,* 148 Tex.Crim. 39, 184 S.W.2d 471, 472 (1945); *Burke v. State,* 652 S.W.2d 788, 790 (Tex. Crim.App.1983).

This argument involved a reference to facts not in evidence, and consequently was error. The trial court acted properly in sustaining the objection to this argument and instructing the jury to disregard.

■ Generally, an instruction to disregard will cure error in a jury argument. *Andujo v. State,* 755 S.W.2d 138, 144 (Tex. Crim.App.1988). However, in this case the prosecutor immediately made the same improper remark which was the basis of the initial objection. Under these circumstances, we find the error was not cured by the instruction.

■ Our next step is to determine whether the error was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). In *Harris v. State,* 790 S.W.2d 568, 586–88 (Tex.Crim.App.1989), the Court of Criminal Appeals articulated the proper standard of review for determining whether error in a criminal trial was harmless. Rule 81(b)(2) of the Rules of Appellate Procedure provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or punishment.

TEX.R.APP.P. 81(b)(2). The scope of review is the entire record. *Harris,* 790 S.W.2d at 586. The evidence is viewed in a neutral, impartial, and even-handed fashion, and, unlike the legal and factual sufficiency standard of review, not in the light most favorable to conviction. *Id.;* (distinguishing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Harmful error analysis does not merely focus upon whether sufficient evidence exists in the record to sustain the conviction, or whether overwhelming evidence of guilt exists. Rather, harmful error analysis in criminal cases is concerned with maintaining the integrity of the process. Our responsibility transcends merely determining whether the conviction was correct, *Harris,* 790 S.W.2d at 585, and involves determining whether the trial was fair. *See also* TEX. CONST. ART. I § 10.

■ To determine whether error is harmful this Court must examine the source, nature, and degree of the error. Additionally, this Court must determine whether declaring the error harmless would encourage further error. *Harris,* 790 S.W.2d at 585.

■ The source of this error was two intentional acts by the prosecutor. In *Hadden v. State,* 829 S.W.2d 838 (Tex.App.— Corpus Christi 1992, no pet.), we found that repeated intentional references to inadmissible extraneous offenses merited reversal because declaring intentional errors harmless would encourage further error. The error in this case was only repeated twice, and this case does not show flagrant intentional acts as in *Hadden.*

The nature of the error was to present damaging facts not in evidence to the jury. This, of course, is one type of improper jury argument. The degree of the error, however, was not serious. The argument did not present damaging facts outside the record indicating that appellant was guilty. Rather, it presented allegations that there was an unspecified "good reason" why the defendant was not let out on bond.

Evidence of appellant's prior convictions was in the record. If the jury considered the question of why the judge would not let appellant out on bond, it almost certainly decided that the reason was appellant's prior convictions. This error is harmless because the statement did not add anything any more damaging against the defendant than the jury already heard, and it did not contribute to the jury's determination of guilt or assessment of punishment. Appellant's second point of error is overruled.

■ By appellant's third point of error he complains that the trial court did not properly admonish him about the dangers of self-representation. Two issues are raised. The first issue is whether the defendant waived his right to complain by failing to request transcription of the proceedings. The second issue is whether the

trial court erred in failing to procure a written waiver of the right to counsel as required by TEX.CODE CRIM.PROC.ANN. art. 1.051 (Vernon 1992).

In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court of the United States recognized a defendant's right to self-representation. The Court's primary concern was that without the right to self-representation, the State could *impose* a particular lawyer upon an unwilling criminal defendant. Although the Sixth Amendment does not explicitly state that a party has a right to proceed *pro se*, the Court believed that it was a necessary implication of the Sixth Amendment.

No party to this litigation disputes that appellant had the right to proceed *pro se.* Indeed, in Texas this right is protected by statute. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(g) (Vernon 1992). The questions in this case concern another aspect of *Faretta:* whether appellant properly waived his right to counsel and asserted his right to proceed *pro se* after a full disclosure of the consequences. The *Faretta* court noted that a defendant must knowingly and intelligently waive the right to an attorney, and he must be advised by the trial court of the dangers associated with self-representation.

The docket sheets in the record reflecting trial court rulings on pretrial matters indicate that appellant was twice admonished by two separate trial judges regarding the dangers of self-representation. However no statement of facts from these hearings is present in the record, even though the record indicates that appellant requested that the court reporter take notes of "all trial proceedings." [1]

■ There is no evidence in the record that these admonishments were transcribed. The record does show that appellant's counsel requested that "All communications between the court and the defendant" be included in the record on appeal. Yet, the statement of facts from this hear-

---

1. Significantly, appellant did not request that the court reporter transcribe all pre-trial pro-

ceedings.

ing does not appear in the record either. Based on the state of the record before us, we cannot determine whether this case involves a situation in which: 1) no party requested that the proceedings be transcribed and they were not transcribed; or 2) no party requested that the proceedings be transcribed, but the proceedings were transcribed and not brought forward to this Court as requested.

In the first situation, the defendant waives his right to have the proceedings reviewed. *Brown v. State*, 505 S.W.2d 277, 279 (Tex.Crim.App.1974). In the second situation, the defendant has a right to have all proceedings brought forward. *Emery v. State*, 800 S.W.2d 530, 535 (Tex.Crim.App.1990). We cannot determine which of these two situations occurred. Thus, we must resort to presumptions to decide this issue.

The trial court's actions are presumed correct. *Hardin v. State*, 471 S.W.2d 60, 63 (Tex.Crim.App.1971). Consequently, appellant has the burden to bring to this Court a record sufficient to show reversible error. TEX.R.APP.P. 50(d). In this case appellant has failed in his burden and we must presume that the trial court adequately admonished the defendant.

Moreover, there is a presumption of the regularity of proceedings. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984). Recitals in court documents are presumed correct unless the record shows otherwise. *Id.* at 450. The trial court's judgment reflects that appellant "knowingly, intelligently, and voluntarily waived his right to counsel." The docket sheets show that appellant was twice admonished. We must presume that appellant was properly admonished and that his waiver of counsel was knowing and intelligent.

We now address the second issue, which is whether the trial court is required to procure a written waiver of the right to counsel. The record does not contain a written waiver of the right to counsel. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(g). The plain language of art. 1.051(g) requires the defendant to execute a written waiver of the right to counsel in cases in which the defendant wishes to waive the right to counsel and exercise his right to proceed *pro se*. However, the Court of Criminal Appeals held in *Burgess v. State*, 816 S.W.2d 424 (Tex.Crim.App.1991), that this provision could not be interpreted in a mandatory fashion. The Court reasoned that such a construction would restrict a defendant's right to proceed *pro se* in cases in which the defendant validly waived the right to counsel, but did not do so in writing. *Id.* at 430–31.

Consequently, we hold that permitting appellant to proceed *pro se* without a written waiver was not error. Appellant's third point of error is overruled and his conviction AFFIRMED.