An Opinion Heading: Vance 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-025-CR

     KENNETH BERNARD JONES,
                                                                                        Appellant
     v.

     THE STATE OF TEXAS,
                                                                                        Appellee
 

From the 204th District Court
Dallas County, Texas
Trial Court #F95-44241-IQ 
                                                                                                               

O P I N I O N
                                                                                                                

      Appellant Jones appeals from his conviction for burglary of a building, enhanced by two
prior felony convictions, for which he was sentenced to 60 years in the Institutional Division of
the Texas Department of Criminal Justice.
      Four officers responded to a suspicious persons call and arrived at the rear of an apartment
complex on Markville Avenue in Dallas. Officer Foster called for Appellant to stop, but he began
running. Officer Young saw Appellant in a breezeway holding a typewriter. He assisted Officer
Sales in handcuffing Appellant and placing him in a squad car. A storeroom at the complex had
been broken into and a typewriter kept there was missing. The typewriter that Appellant was
carrying was identified as the missing typewriter.
      Appellant was convicted of burglary of a building. He pled true to the two alleged prior
felony convictions and was sentenced by the court to sixty years in prison.
      Appellant appeals on five points of error.
      Point one asserts the trial court erred in denying Appellant’s Batson motion. The State
peremptorially struck male jurors No. 2, Vester Allen, and No. 9, Robbie Burns. Appellant
requested a Batson hearing as to the strikes of Jurors Allen and Burns stating that both were black. 
The State responded that it struck Juror Allen because he stated he would require both direct and
circumstantial evidence to convict and would require the State to prove its case beyond a shadow
of a doubt before he could find someone guilty. The State’s response as to Juror Burns was that
he testified he could not convict with just circumstantial evidence alone, then changed his mind
and said he could, but seemed very confused. The State wanted someone on the jury who
understood the law in regard to direct or circumstantial evidence.
      The court found that the strikes of Jurors Allen and Burns were not racially motivated and
denied the Batson motion.
      It is constitutionally impermissible to exercise a peremptory strike on the on the basis of race. 
Batson v. Kentucky, 476 U.S. 79 (1986). To raise a Batson challenge, the opponent of the strike
must make a prima facie showing of the State’s discriminatory use of the strike. Purkett v. Elem,
115 S.Ct. 1769, 1790 (1995); Emerson v. State, 851 S.W.2d 269, 273 (Tex. Crim. App. 1993). 
Once the opponent makes a prima facie showing, the proponent of the strike has the burden to
produce a race-neutral explanation for the strike. Purkett, at 1770, 1771. If a race-neutral
explanation is given, the opponent of the strike must prove purposeful racial discrimination. Id.
      When the State’s explanation is race-neutral on its face, the burden of persuasion shifts back
to the accused to establish by a preponderance of the evidence that the reasons given were merely
pretext for the State’s racially-motivated use of its peremptory strike. Salazar v. State, 818
S.W.2d 405, 409 (Tex. Crim. App. 1991); Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim.
App. 1991), cert. denied, 111 S.Ct. 2875. At a minimum this requires some effort be exerted by
the accused to rebut the explanation by the State. Calderon v. State, 847 S.W.2d 377, 382 (Tex.
App.—El Paso 1993).
      A reviewing court must consider the evidence in the light most favorable to the trial court’s
ruling. Salazar, at 408. Here, the State established a racially-neutral explanation of its challenge
as to Jurors Allen and Burns. The trial court found each reason constituted a racially-neutral
explanation. It is not this court’s office to judge the credibility of the trial court. Tomkins v.
State, 774 S.W.2d 195, 205.
      Appellant did not rebut the explanation given by the State and has failed to demonstrate that
the trial court’s ruling was clearly erroneous. Vargas v. State, 838 S.W.2d 552, 553-54 (Tex.
Crim. App. 1992). Unless we are left with a firm conviction that a mistake has been committed,
the trial court’s ruling should not be disturbed. Vargas, at 554. We do not believe the trial
court’s ruling to be erroneous.
      Point one is overruled.
      Point two asserts the trial court erred in overruling Appellant’s objection to the “law of
parties” portion of the charge.
0    In its charge, the trial court defined burglary of a building, the “law of parties,” and then
stated to the jury, “Now, if you find from the evidence beyond a reasonable doubt . . . [Appellant]
acting individually or as a party to the offense, if any, did enter a building . . . with intent to
commit theft . . . .” Appellant objected to the inclusion of the law of parties instruction in the
charge. 
      A party is criminally responsible as a party to an offense if the offense is committed by his
own conduct, by the conduct of another for which he is criminally responsible, or by both. Tex.
Penal code ann., §. 7.01(a).
      Appellant was running with a typewriter in his hands toward the back of the apartment
complex where other suspects were standing or sitting in a car. A factfinder could make a logical
inference from this evidence that the other suspects were parties with Appellant as watch persons
or get-away assistors. Under the evidence the jury was entitled to convict Appellant as a party or
as a principal. Cox v. State, 843 S.W.2d 698, 700 (Tex. App.—Corpus Christi 1992, pet. ref’d).
      Moreover, Appellant was not harmed by the “law of parties” charge. Any error in charging
on the “law of parties” is harmless if the evidence clearly supports the appellant’s guilt as the
primary actor. Black v. State, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986).
      Point two is overruled.
      Points three and four assert the evidence is factually and legally insufficient to support the
conviction under the law of parties.
      Appellant was seen near the site of a burglary with a typewriter in his hands and when the
police attempted to question him, he fled. The typewriter was stolen. The evidence clearly
supports Appellant’s conviction as a primary actor. In such situation, whether the evidence is
factually or legally sufficient to support Appellant’s conviction under the “law of parties” is moot. 
Black v. State, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986).
      Points three and four are overruled.
      Point five asserts the trial court erred in entering a void sentence outside the penalty range for
the offense for which Appellant was convicted.
      The State has acknowledged that Appellant’s point five is valid under the authority of State
v. Mancuso, 919 S.W.2d 86 (Tex. Crim. App.1996). Accordingly, point five is sustained, and
Appellant’s sentence of 60 years is vacated. The case is remanded to the trial court for a new
punishment hearing under art. 44.29(b), Tex. Code Crim. Proc.
 

                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed in part; reversed and remanded in part
Opinion delivered and filed May 21, 1997
Do not publish