NUMBER 13-98-538-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CONNIE BOERN WILLIAMS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Goliad County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 This is an appeal from a revocation of probation. By a single issue,
appellant contends the trial court improperly imposed consecutive
sentences in violation of section 3.03 of the Texas Penal Code. See Tex.
Pen. Code Ann. § 3.03(a) (Vernon Supp. 2000). We affirm. 

 A grand jury returned four indictments against Connie Boern
Williams, appellant, for forgeries occurring between November 18 and
November 23 of 1994. Appellant pleaded guilty in all four cases
pursuant to a plea bargain agreement. In each case, the trial court
sentenced appellant to two years confinement, but suspended the
sentences and placed appellant on five years community supervision. 

 On January 30, 1997, in cause number 95-2-3546, one of the four
forgery convictions, a trial court revoked probation and sentenced
appellant to one year confinement. On September 24, 1998, in cause
number 95-2-3547, the cause number from which this appeal is taken,
a trial court revoked probation and sentenced appellant to confinement
for two years after finding appellant violated the conditions of her
probation.

 Appellant contends the trial court improperly sentenced her to
serve two consecutive sentences because the offenses of which she
was convicted arose out of the same criminal episode and were
prosecuted in the same criminal action. Because the offenses involved
the same criminal episode, and, according to appellant, were
prosecuted in a single criminal action, she contends the court could
only impose concurrent sentences. 

 We review an order revoking probation for an abuse of discretion. 
See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). 
Section 3.03 generally prohibits a trial court from imposing sentences
that run consecutively for offenses that arise out of the same criminal
episode and which are prosecuted in a single criminal action. See Tex.
Pen. Code Ann. § 3.03(a) (Vernon Supp. 2000). Offenses arise from the
same criminal episode if they involve "the repeated commission of the
same or similar offenses." Tex. Pen Code Ann. § 3.01(2) (Vernon 1994). 
In this case, appellant committed four forgeries using the same bank
account during the span of approximately one week. Thus, the offenses
involved the repeated commission of the same or similar offenses; the
offenses arose from the same criminal episode. 

 A "single criminal action" refers to a single trial or plea proceeding. 
See Ex Parte Pharr, 897 S.W.2d 795, 795 (Tex. Crim. App. 1995) (citing
Laporte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992)). Thus,
"[a] defendant is prosecuted in a 'single criminal action' when
allegations and evidence of more than one offense arising out of the
same criminal episode are presented in a single trial or plea
proceedings." Id. The court of criminal appeals has held that there was
not a single criminal action when a defendant pleaded guilty, was
admonished, found guilty and sentenced in one cause number, and
immediately thereafter pleaded guilty, was admonished, found guilty,
and sentenced in another cause number. See Pharr, 897 S.W.2d at
795. In addition, the court has upheld a trial court's imposition of
consecutive sentences when there is no evidence in the record that a
single criminal action occurred. See Duran v. State, 844 S.W.2d 745,
747 (Tex. Crim. App. 1992). 

 Appellant contends she entered four guilty pleas and the trial court
pronounced punishment as to all four pleas in a single criminal action. 
However, appellant has not provided this Court with a reporter's record
from the guilty pleas. The docket sheet in each of the four forgery cases
reflects that on May 15, 1995, appellant pleaded guilty, the court found
her guilty, sentenced her to two years confinement, and placed her on
five years community supervision. We are unable to infer, however,
that because appellant pleaded guilty and the trial court pronounced
punishment on the same date in all four cases, there was a single guilty
plea proceeding. In fact, the record suggests that each guilty plea was
entered separately, as the docket sheet indicates that each hearing for
each cause number was recorded on a different page in the court's
book of minutes. 

 Appellant points to the plea bargain memorandum filed in each
cause, which lists all four cause numbers at the top of the page, as
evidence that the guilty pleas were heard in a single criminal action. 
The memorandum tends to show that the plea bargain agreement was
contemplated to involve all four offenses, but does not indicate whether
the pleas were heard in one proceeding. From the record before us, we
are unable to discern whether appellant entered the four guilty pleas in
a single proceeding or four separate proceedings. 

 When an appeal is taken without a reporter's record, all
presumptions of regularity are in favor of the judgment. Cox v. State,
843 S.W.2d 698, 703 (Tex. App.--Corpus Christi 1992, pet. ref'd);(1)
Flores v. Arrieta, 790 S.W.2d 75, 76 (Tex. App.--San Antonio 1990, pet
denied) (citing Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79, 82
(1955)). As appellant has failed to provide a reporter's record of the
entry of her guilty pleas, she has failed to overcome the presumption of
regularity in the judgment. Because appellant has failed to demonstrate
that her guilty pleas were taken in a single criminal action, we cannot
say the trial court abused its discretion in revoking appellant's probation
and sentencing her to two years confinement. Appellant's sole issue is
overruled. 

 The judgment of the trial court is AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 20th day of July, 2000.

 

1. Cox is based, at least in part, on former rule 50(d) of the Texas
Rules of Appellate Procedure. Although this rule has been repealed, we
note that an appellant must still secure a record on appeal that
demonstrates error. See Tex. R. App. P. 34.6(b)(1) (appellant must
request reporter's record and designate portions of proceedings to be
included); Birdwell v. State, 996 S.W.2d 381, 383 (Tex. App.­Houston
[14th Dist.] 1999, pet. ref'd).