John Wiley PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–00346–CR.

Court of Appeals of Texas, Dallas.

Nov. 25, 1992.

38

James D. McCarthy and Phyllis Jackson, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before STEWART, MALONEY and CHAPMAN[1], JJ.

## OPINION

STEWART, Justice.

Pursuant to a plea-bargain agreement, John Wiley Price (appellant) pleaded guilty to misdemeanor criminal mischief for damage to several billboards in an aggregate amount of $200 or more but less than $750 (the billboard case). The trial court placed appellant on six months' deferred-adjudication probation. Appellant subsequently was charged with and convicted of misdemeanor criminal mischief for causing prop-

erty damage to the windshield wiper of Stephani Barnes's motor vehicle in an amount of $20 or more but less than $200 (the windshield-wiper case). The trial court revoked appellant's probation in the billboard case, adjudicated his guilt, and sentenced him to seventy-five days' confinement in the Dallas County Jail. On appeal from this adjudication of guilt, appellant complains that the trial court erred in: (1) accepting his original plea in the billboard case because he did not enter into it knowingly or voluntarily; and (2) denying him due process in the adjudication-of-guilt and probation-revocation proceedings. We sustain appellant's first point of error. Accordingly, we reverse and remand.

## FACTUAL BACKGROUND

Appellant was charged in the billboard case by information with the misdemeanor of criminal mischief. The information alleged that on March 18, 1990 appellant knowingly and intentionally caused damage of $200 or more but less than $750 to several billboards advertising cigarettes. Appellant signed a judicial confession that tracked the language of the information. He also entered into a written plea-bargain agreement that provided he would plead guilty and receive six months' deferred-adjudication probation and a $100 fine. On September 14, 1990, pursuant to the plea-bargain agreement, the trial court placed appellant on six months' deferred-adjudication probation and assessed a $100 fine; it did not inform appellant of the possible consequences of a violation of that probation.

On February 5, 1991, the State filed its amended motion to proceed with an adjudication of guilt in the billboard case. The State alleged that, on December 7, 1990, appellant violated condition one of his probation by committing two class-B misdemeanors, which constituted the windshield-wiper case. Specifically, the State asserted that appellant had (1) knowingly and intentionally damaged Barnes's motor vehicle,

1. The Honorable Ron Chapman, Justice, participated in this case at the time it was submitted for decision. Because he subsequently recused himself from this case, he did not participate in the issuance of this opinion.

causing a pecuniary loss of $20 or more but less than $200; and (2) without legal privilege or authority, intentionally and knowingly obstructed a place used for the passage of persons and vehicles by physically blocking with his person Barnes's van from travelling into the driveway located near the intersection of Ivan and McKinnon streets.

Following appellant's conviction in the windshield-wiper case, the trial court heard the State's motion to proceed with adjudication of guilt in the billboard case. The parties entered an agreement regarding evidence. This agreement stipulated that the evidence admitted in the windshield-wiper case was the same evidence that would be introduced at the hearing on the State's motion in the billboard case and requested that the trial court take judicial notice of and render its decision based upon the record in the windshield-wiper case. The trial court accepted the parties' agreement, took judicial notice of the record in the windshield-wiper case, and found true both allegations in the State's amended motion to proceed with adjudication of guilt in the case at bar. The trial court then found appellant guilty of misdemeanor criminal mischief in the billboard case and assessed punishment at seventy-five days' confinement in the Dallas County Jail.

## VOLUNTARINESS OF APPELLANT'S GUILTY PLEA

In his first point, appellant asserts that the trial court erred in accepting his guilty plea in the billboard case because the plea was not entered knowingly and voluntarily. Specifically, appellant contends that the trial court failed to properly admonish him of the possible consequences of a violation of his deferred-adjudication probation, *see* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a), (b) (Vernon Supp.1992), and that, therefore, his guilty plea in the billboard case was not knowingly and voluntarily made.

■ We initially note that this Court can review appellant's complaint that his guilty plea in the billboard case was involuntary. No appeal may be taken from the trial court's determination to proceed to an adjudication of guilt. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b). However, after an adjudication of guilt, the defendant's appeal continues as if the adjudication of guilt had not been deferred. *Id.* The voluntariness of appellant's guilty plea is unrelated to the trial court's determination to proceed to adjudicate guilt; thus, it is appealable. *See Homan v. Hughes,* 708 S.W.2d 449, 452 (Tex.Crim.App.1986) (statute only precludes appeal of decision to proceed to adjudication of guilt).

■ Article 42.12 of the Texas Code of Criminal Procedure controls questions concerning adult probation and applications to revoke probation. Section 5(a) provides,

[W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. *The court shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation.*

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (emphasis added). Section 5(b) in turn provides as follows:

(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b).

The State, relying on case law interpreting article 26.13 of the Texas Code of Crim-

inal Procedure,[2] urges that appellant was not entitled to these admonishments in this misdemeanor case. *See Empy v. State*, 571 S.W.2d 526, 529–30 (Tex.Crim.App. 1978) (article 26.13 admonishments not required in misdemeanor proceedings).

In *Empy*, the Court of Criminal Appeals pointed out its consistent holding that article 26.13 admonishments need not be given to a defendant who enters a guilty plea in a misdemeanor case. *Id.* Article 26.13, like article 42.12, section 5, does not specify that it applies only to felonies. However, article 27.13, which addresses pleas of guilty or nolo contendere in felony proceedings, specifically requires a defendant to personally plead guilty or nolo contendere in open court, with proceedings as provided in article 26.13. TEX.CODE CRIM.PROC.ANN. art. 27.13 (Vernon 1989). By contrast, article 27.14, which addresses pleas of guilty or nolo contendere in misdemeanor cases, neither requires a defendant's presence in court to plead nor refers to article 26.13. TEX.CODE CRIM.PROC.ANN. art. 27.14 (Vernon 1989). Because of the specific requirement of article 26.13 proceedings in felonies and the omission of such requirement for misdemeanors, *see* TEX.CODE CRIM.PROC.ANN. arts. 27.13 & 27.14, courts have long held that article 26.13 admonishments are not required for pleas of guilty or nolo contendere in misdemeanors. *See Empy*, 571 S.W.2d at 529–30 (and cases cited therein).

However, at the time *Empy* was decided, no statute required any type of warning to be given to a defendant entering a guilty plea in a misdemeanor case. *Id.* at 530. In 1978, section 5(a) did not exist, and its predecessor, section 3d(a), did not contain the admonishment requirement now found in section 5(a).[3]

In addition, article 42.12, section 5(a) refers to both felonies and misdemeanors and gives the maximum period of probation for each. The reference to both felonies and misdemeanors in section 5(a) immediately follows two sentences which concern the court's responsibility to inform the defendant of the possible consequences of a violation of his probation. We conclude that this juxtaposition indicates a legislative intent that the information set forth in section 5(b) be given to all defendants, whether they have been charged with a felony or a misdemeanor, who are granted deferred adjudication. Because the trial court can admonish the defendant of the consequences of a violation of his probation in writing, *see* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a), application of article 42.12, section 5(a) to misdemeanors is not inconsistent with article 27.14, which does not require the misdemeanor defendant's presence in court. Further, article 26.13 and article 42.12, section 5(a) provide two separate admonishment schemes. Requiring the trial court to admonish the misdemeanor defendant of the consequences of a violation of probation in no way affects *Empy* and cases like it, which deal with admonishments relevant to guilty pleas.

■ Based on the statutory differences involved, we conclude that the rationale used in *Empy* to hold that article 26.13 admonishments do not apply to misdemeanors is inapplicable in determining whether article 42.12, section 5 applies to misdemeanors. Articles 27.13 and 27.14 indicate a clear intent that article 26.13 admonishments apply to felonies, but not to misdemeanors. On the other hand, nothing in article 42.12, section 5 reflects any intent that the admonishments provided therein should apply only to felonies. We further conclude that the trial court's failure to admonish appellant of any of the consequences of a violation of his deferred-adjudication probation rendered his guilty plea involuntary. Finally, we conclude that, be-

---

2. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(1)–(4) (Vernon 1989) provides that prior to accepting a plea of guilty or of nolo contendere, the court must admonish the defendant of: (1) the range of punishment attached to the offense; (2) the court's right to reject any plea bargain; (3) the limitations on the defendant's right of appeal; and (4) the risk of deportation of non-citizens.

3. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d(a) was renumbered and amended to require admonishments effective September 1, 1989. Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3500 (codified as renumbered at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1992)).

cause the trial court gave appellant none of the admonishments required by article 42.-12, section 5(a), appellant need not show harm to obtain a reversal.[4] We sustain appellant's first point of error.

Our disposition of appellant's first point of error makes it unnecessary to address his second point alleging denial of due process in the adjudication-of-guilt and probation-revocation proceedings.

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

---

**4.** The absence of any admonishment makes it unnecessary for us to determine whether substantial compliance would require the appellant to show harm.