John Wiley PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 037–93.

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1993.

James D. McCarthy, Phyllis A. Jackson, Ronald L. Goranson, Dallas, for appellant.

John Vance, Dist. Atty., Sue Korioth, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

The offense is criminal mischief under V.T.C.A. Penal Code, § 28.03(a)(1) and (b)(3), damaging tangible personal property (four billboards advertising cigarettes) resulting in pecuniary loss of $200 or more but less than $750; it is a Class A misdemeanor. The punishment is 75 days confinement in the Dallas County Jail.

I

A

The questions in this cause arise out of the initial deferred adjudication proceeding, memorialized in the Probation Order and Deferral of Adjudication of Guilt dated September 14, *1990*. Tr. 37.[1] The basic issue is intendment of the provision in Article 42.12, § 5(a), V.A.C.C.P. (hereafter "§ 5(a)"), that the court "inform the defendant ... of the possible consequences ... of a violation of probation." Our resolving conclusions and holdings are applicable only to deferred adjudication proceedings in *misdemeanor* cases.

Pursuant to a written plea bargain, when told of the charge and upon being asked for his plea, appellant responded, "I plead guilty, because I am guilty;" he confirmed that he did so "of [his] own free will." The prosecutor outlined the agreement.[2] The judge pondered aloud that a Class A misdemeanor calls for punishment "of at least one year;"

---

1. The format of the order is similar to a judgment. It contains the usual preliminary recitations about appearances, waivers of arraignment and reading information and pleading "guilty;" it states considerations of the court in deferring adjudication and placing defendant on probation; it orders him placed on probation for six months under prescribed terms and conditions and pay the fine affixed instanter. The order shows over the signature of appellant that he received a copy thereof on the same day the judge signed it for the court, the day the plea proceeding was conducted.

   Although the form order recites the proceeding was held under Article 42.*13*, § 3d(a), V.A.C.C.P., the facts are that in 1985 the Legislature reorganized statutes regulating probation and other post conviction matters, merged regulation of misdemeanor probation with felony regulations into Article 42.*12*, § 3d(a), and repealed former Article 42.13. Acts 1985, 69th Leg., Ch. 427, p. 1531, § 1 at 1533, § 3 at 1555, effective September 1, 1985. The significance of that merger to issues in this cause becomes apparent *post*.

   At the heart of this controversy is a *subsequent* reorganization of Article 42.12. *Inter alia*, deferred adjudication was moved to § 5, and first inserted therein are the "informational" provisions implicated here. See Acts 1989, 71st Leg., Ch. 785, p. 3471, at 3500, § 4.17, effective September 1, 1989, except as otherwise provided.

   All emphasis here and throughout is supplied by the writer of this opinion unless otherwise indicated.

2. The essence of the agreement is that in exchange for his plea of guilty as charged, the trial court would defer adjudication of guilt and place appellant on probation for six months under certain terms and conditions including imposition of a fine of $100 to be paid *instanter*. Tr. 37.

announcing that the court would follow terms and conditions of the bargain, the trial judge obtained appellant's acknowledgment that a certain instrument was his judicial confession, and received it in evidence; the judge then informed appellant that "this will not be a final conviction unless you violate the terms of this probation during the coming 6 months," and was assured that the assessed fine and costs would be paid that day. S.F. 2–4.

Among other conditions of probation, of course, was that appellant commit no offense against the laws of this State. On February 5, 1991, the criminal district attorney filed his Amended Motion to Proceed with an Adjudication of Guilt. The motion alleged that on or about December 7, 1990, appellant committed two certain offenses involving a single complainant, to wit: criminal mischief and obstructing a highway. The motion to adjudicate was heard in consolidation with a jury trial on an information charging the same criminal mischief offense. Appellant was convicted of criminal mischief; the trial court

proceeded to adjudicate guilt of appellant on the earlier criminal mischief charge. See *Price v. State,* 861 S.W.2d 913 (Tex.Cr.App. No. 0322–93, delivered September 22, 1993) (Clinton, J., dissenting).[3]

B

The court of appeals addressed "every issue raised and necessary for final disposition of the appeal." Tex.R.App.Pro. 90. It reversed the conviction for reasons given in deciding the first point of error presented by appellant, *that his plea of guilty was not made knowingly and voluntarily* in that "the trial court failed properly to *admonish* him of the possible consequences of a violation of his deferred-adjudication probation" under § 5(a).[4] Rejecting opposing contentions on the part of the State that appellant was not "entitled to these admonishments in this misdemeanor case" essentially in light of *Empy v. State,* 571 S.W.2d 526, at 529–530 (Tex.Cr. App.1978), the court of appeals sustained the first point of error based on three specific

---

**3.** The transcript in this cause does not contain a judgment contemplated by law. There is a paper titled "Judgment and Sentence" bearing a notation: "Entered: February 22nd, 1991 Nun Pro Tunc [sic];" not otherwise dated, it states in pertinent part:

> "On this day, this cause being again called, [the State and defendant and counsel being present] for the purpose of having sentence of the law pronounced in accordance with *the judgment of conviction heretofore entered* against him; and thereupon the Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in the record in bar thereof, whereupon the Court proceeded to pronounce sentence against him as follows: * * * *"

Tr. 39.

"A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction ... of the defendant." Article 42.01, V.A.C.C.P. The judgment should reflect, among other prescribed matters, that "the defendant is adjudged guilty of the offense as found by ... the finding of the court, and that the defendant be punished in accordance with the court's finding as to the proper punishment." *Id.,* item 8.

The record shows the trial court did adjudicate guilt and orally *"rendered"* judgment. III S.F. 648 ("I will proceed to adjudication and find the defendant, John Wiley Price, guilty on the charge of criminal mischief ..."). Moreover, there are

"2/22/91" notations on the docket sheet reading: "Found allegations # 1 & # 2 true[.] Adjudicated Defendant guilty and assessed punishment at 75 days in jail." Since September 1, 1981, however, neither constitutes a judgment under Article 42.01. *Wilson v. State,* 677 S.W.2d 518, at 522 (Tex.Cr.App.1984); cf. *Jones v. State,* 795 S.W.2d 199 (Tex.Cr.App.1990), rehearing denied, 797 S.W.2d 33 (Clinton, J., dissenting at 34–35).

**4.** As material here, § 5(a) states conditions and features under which courts may defer further proceedings, *viz:*

> "... [W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty ..., hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation. *The court shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation. If the information is provided orally, the court must record and maintain the court's statement to the defendant.* In a felony case, the period of probation may not exceed 10 years. In a misdemeanor case, the period of probation may not exceed two years. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation. * * * *"

The issues here arise from the two sentences emphasized.

conclusions leading to its ultimate disposition reversing the conviction and remanding the cause. *Price v. State*, 846 S.W.2d 37 (Tex. App.—Dallas 1992).

## II

The State now advances three grounds for review that basically attack the three specific conclusions of the court of appeals, *viz:*

(1) Its error in holding that the admonishment required by § 5(a) is applicable to misdemeanors.

(2) Its error in concluding that any failure to provide to this Defendant an admonishment pursuant to § 5(a) rendered this defendant's plea of guilty involuntary.

(3) Its error in failing to apply to the facts of this case the harmless error standard set out in Tex.R.App.Pro. 81(b)(2).

We will treat those reasons seriatim in subparts A, B and C, respectively.

## A

■ As already pointed out in note 1 *ante*, but apparently overlooked by all concerned parties, in 1985 the 69th Legislature merged former Article 42.13, the "Misdemeanor Adult Probation and Supervision Law," § 3(d) of which authorized the deferred adjudication proceeding in misdemeanor cases, with Article 42.12 and repealed the former. Since 1985, Article 42.12, § 5(a) is, indeed, *the sole authority* for any court to grant deferred adjudication in a misdemeanor case.

Without equating "shall inform" with "shall admonish," we hold that § 5(a) is manifestly applicable to pleas of guilty and nolo contendere in misdemeanor cases, particularly where, as here, the accused is personally before the court.[5]

Therefore, while it conducted an analysis responsive to the theory presented by the State, the court of appeals did not err in its conclusion on this point. The first ground for review is thus without merit.

## B

### 1

■ From prior decisions of this Court so holding, the State points out that the trial court need not admonish "even *felony* defendants regarding probation," citing *Ex parte Williams*, 704 S.W.2d 773 (Tex.Cr.App.1986) and *Harrison v. State*, 688 S.W.2d 497, 499 (Tex.Cr.App.1985). State's Brief, at 13 (emphasis in original). However, those decisions were construing Article 26.13; it is applicable only to felony cases. *Empy v. State*, 571 S.W.2d 526, at 529–530 (Tex.Cr.App.1978). The general rule there is because "range of punishment" does not include probation, the trial judge does not have a mandatory duty to "admonish" an accused as to his eligibility for probation. *Ex parte Williams*, supra, at 775. On the other hand, the required "informational" function § 5(a) called for, attaches both to felony and misdemeanor cases alike.[6]

The State says that § 5(a) does not specify when in the plea proceeding the court must inform the accused of the possible consequences of violating probation—whether *before* the accused answers "guilty" or at some particular point thereafter; the State also emphasizes that § 5(a) does not condition acceptance of the plea on defendant's receiving and understanding the information. State's Brief, at 13.

For his part, appellant asserts the statute "unambiguously provides" the court must inform defendant "*before* taking the plea that is the predicate to deferred adjudication;" he argues that "the court must not only articulate the information but also inquire whether

---

**5.** Taking note of the fact that a misdemeanor defendant need not appear in court to plead guilty or nolo contendere, see Article 27.14, the court of appeals seemed to suggest that the court could inform an absent defendant of the consequences of violating probation in writing. *Price v. State*, supra, at 40.

**6.** In that connection, we cannot agree with the State that "the admonishment required by § 5(a) is of the same character as the Article 26.13 warnings." State's Brief, at 6. Indeed, more than idle curiosity prompts us to ponder the failure of the Legislature to require the trial court to admonish the defendant in a misdemeanor case along the lines of such statutory requisites specified for felony cases in Article 26.13. The matter is under recurring investigation, especially in light of constitutional implications. See generally *Tatum v. State*, 846 S.W.2d 324 (Tex.Cr.App.1993).

a defendant makes his plea with a full understanding of the meaning of the plea." Appellant's Brief, at 5–6.

Neither party cites any case directly touching the precise question at issue, nor did the court of appeals; we have not found another dealing with a misdemeanor offense. We must start from scratch, keeping in mind what we must presume the Legislature knew when it amended § 5(a) in 1989, *viz:* that although most provisions of § 5(a) treat felony and misdemeanor cases similarly, other germane procedural statutes govern preliminary and underlying proceedings differently. Accordingly, we start with a review of relevant basic rules.

2

▇ Although Article 26.01, V.A.C.C.P., provides that in "all misdemeanor cases *punishable by imprisonment,* there shall be an arraignment," the legislative purpose was to provide a final opportunity for an indigent accused to obtain appointed counsel. Special Commentary—1963. Thus an accused would be able to respond to functional inquiries of the trial judge and to state his plea upon advice and with aid of counsel. However, the constitutional requirement for appointment of counsel at arraignment or for trial does not apply where from a measure of the seriousness and gravity of the misdemeanor offense the trial judge is satisfied the court will not assess punishment of imprisonment. Moreover, after trial without counsel in a misdemeanor case when only a fine is actually assessed the judgment is not void though the statute include imprisonment as a possible punishment. It follows, therefore, that

neither must an arraignment be held in a deferred adjudication proceeding.

▇ Conversely, unlike in a felony plea proceeding, when represented by counsel the accused need not to be present at any stage of a misdemeanor plea proceeding: counsel alone may waive trial by jury and make the plea of guilty for his client; the court may assess punishment, with or without evidence. Article 27.14, V.A.C.C.P. See, e.g., *Ex parte Ross,* 522 S.W.2d 214, at 222–223 (Tex.Cr. App.1975); *Brown v. State,* 507 S.W.2d 235, at 238 (Tex.Cr.App.1974) (plea admits every element of offense, thus court not required to hear evidence); *Albrecht v. State,* 424 S.W.2d 447, at 448 (Tex.Cr.App.1968) (plea acceptable without showing made voluntarily).[7]

▇ An order deferring adjudication of guilt and placing defendant on "probation" under § 5(a) does not constitute a "conviction," and such "probation" is not the functional equivalent of probation within contemplation of Article IV, § 11–A. Constitution of Texas, and Article 42.12, § 2(b), V.A.C.C.P. But as statutorily authorized, deferred adjudication "probation" is constitutional under Article III, § 1. *McNew v. State,* 608 S.W.2d 166, at 171–172, and at 176 (Tex.Cr.App.1978, 1980). Failure to admonish a defendant of certain post-revocation and adjudication contingencies, however, does not violate rights to due process and effective assistance of counsel. *Id.,* at 172–173. While it may be "better practice" to admonish as to consequences of deferred adjudication in a felony case, *Article 26.13* does not require it. *Id.,* at 177.[8]

---

7. We are aware that since September 1, 1991, one accused of a misdemeanor must make a written waiver in person in open court, with the consent and approval of the court and the prosecuting attorney, and may not then make it without retained or appointed counsel. Acts 1991, 59th Leg., Ch. 652, p. 2394, §§ 1, amending Article 1.13. However, the instant plea proceeding took place on September 14, 1990.

8. As the *McNew* court pointed out:
    "It is clear the procedure provided for deferred adjudication is different from the other types of probation provided by the statute, and it is clear the Legislature intended that after adjudication of guilt following deferred adjudi-

cation the assessment of punishment shall be as if the adjudication of guilt had not been deferred. We appreciate and understand appellant's concerns, but any procedural changes are for the Legislature to consider, not this court."
Of course, appellant would contend the Legislature has now done so, and courts should follow suit. For one effort, see and compare *De Leon v. State,* 797 S.W.2d 186, at 188–189 (Tex.App.— Corpus Christi 1990), no PDR (in attempt to caution defendant of punishment court might assess on revocation of probation, judge made "simply a misstatement of the punishment range for the offense").

### 3

Having reviewed pertinent rules and decisions, we now turn to examine the statute, particularly § 5(a), noting at the outset that since merger of misdemeanor probation into article 42.12, the only change later made was insertion of the two sentences at issue. See n. 4, *ante*.

■ In a *misdemeanor* case, taking into account all statutory allowances discussed *ante*, Section 5(a) contemplates that the trial judge will conduct a deferred adjudication proceeding in chronological order of prescribed steps, *viz:*

first, receiving the plea;

second, hearing the evidence, *if any;*

third, finding whether the evidence, if any, substantiates guilt;

fourth, deferring further proceedings without adjudicating guilt;

fifth, placing defendant on probation.

At this point, as in the past, the judge would be justified in rendering for the court its order of deferral and probation, causing it to be reduced to writing and the clerk to memorialize the same by entering it in the minutes of the court. In fact, exactly that occurred in this cause. See n. 1, *ante*.

■ Although § 5(a) requires the court to "inform the defendant orally or in writing of the possible consequences ... of a violation of probation," as the State notices, it fails to specify any place in the proceeding where the information should be given. Without indicating precisely when it should be done, the court of appeals recognized that permitting the court to put it in writing means, consistent with Article 27.14, the defendant need not be present in open court to receive such information. *Price v. State*, supra, at 40. We agree with the State and also with reasoning of the court of appeals in this respect.

■ That the court may provide the information *pro forma* also means defendant's receiving it is not a condition precedent to a voluntary plea. We further conclude that the Legislature did not intend to require the information be provided as part and parcel of the proceeding prior to the court's placing the defendant on probation in a misdemeanor case. Not only is it logical for the court to await its determination to place defendant on probation, but also we are unable to conceive of any policy considerations dictating that a defendant be cautioned of such possible consequences as requisite predicate for an otherwise voluntary plea which he need not be present to make. It is a perverse notion that a plea made voluntarily and knowingly somehow becomes "unintelligent" and thus "involuntary" because the judge failed to abuse a defendant of the idea that he would not be held accountable should he thereafter commit an offense against the laws of this State, that he could violate the law with impunity.[9]

---

9. In *McNew*, supra, a felony case, counsel contended that the Legislature "never intended the ante to be raised after revocation and that 'probation' under the deferred adjudication of guilt should be treated like other probation cases." He argued that under such judicial construction permitting such increase in punishment, attorneys would not allow their clients to plead guilty pursuant to a plea bargain involving deferred adjudication because:

"[A] defendant could be placed on deferred adjudication for the *minimum* term fixed as penalty for the offense charged and that after revocation of probation and adjudication of guilt the punishment could be assessed at the *maximum* term fixed as penalty for the offense charged. This permits the court to up the ante taking into consideration the offense or conduct made the basis of the revocation."

*Id.,* at 176. The Court rejected the contention and argument for the reason that "the Legisla-

ture clearly intended that after adjudication the assessment of punishment shall be as if the adjudication of guilt had not been deferred," but then expressed its appreciation and understanding of those "concerns." *Id.,* at 177.

Perhaps similar concerns motivated the Legislature when it amended § 5(a) to require the trial court to inform a defendant of such consequences, among others. We believe though that such concerns in a felony case are not likely to be as weighty in misdemeanor case. Unlike the broad range of punishment up to life or 99 years for many felony offenses, the maximum punishment for a Class A misdemeanor is one year; moreover, § 5(a) permits a period of probation longer than the maximum, not to exceed two years.

In any event, our construction of § 5(a) will serve to effectuate the legislative mandate in the manner it provided and thus must have intended.

**4**

■ Accordingly, in this misdemeanor case, we hold that when conducting a deferred adjudication proceeding under § 5(a), the trial court is not required to inform defendant prior to declaring an order placing defendant on probation, of possible consequences under § 5(b) of a violation of probation. Therefore, a failure to inform will not render an otherwise unobjectional plea involuntary. When and how the court subsequently conveys such information to defendant will necessarily depend on the circumstances of the defendant, and means of compliance are obviously matters within the informed discretion of the court.

Accordingly, we conclude the court of appeals erred in concluding that failure of the trial court to "admonish" appellant of "any consequences of a violation [et cetera] rendered his guilty plea involuntary." Ground for review two is sustained.[10]

**C**

Given our determination of ground two, the issue presented in ground for review three is moot.

**III**

**A**

To recapitulate: Article 42.12, § 5(a), is applicable to misdemeanor cases, subject to basic procedural provisions governing proceedings in such cases, Article 27.14, for example; § 5(a) does not require the trial court to "inform the defendant ... of the possible consequences under Subsection (b) ... of a violation of probation" prior to ordering that he be placed on probation, so a failure to do so will not alone render his plea involuntary; means and manner of subsequently informing the defendant are matters within the informed discretion of the court.

**B**

We have thus addressed and resolved every issue the court of appeals deemed neces-

sary for final disposition of the appeal in this cause by construing the *statute* in question. See 609–610, *ante*. The court of appeals did not find it necessary to reach appellant's contention that his plea of guilty in this cause is "null and void as a matter of *constitutional* law." Brief of Appellant, at 7–9. There he makes much the same argument and cites some of the same cases as Judge Baird does in his dissenting opinion here.

For the same reason the court of appeals also pretermitted addressing appellant's second point of error, claiming denial of due process in later proceedings to adjudicate guilt and revoke probation. *Price v. State,* supra, at 41.

Therefore, the judgment of the court of appeals is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

BAIRD, Judge, dissenting.

Believing Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a) requires the trial judge to admonish a misdemeanor defendant of the possible consequences of violating deferred adjudication probation *prior* to accepting the plea, I respectfully dissent.

**I.**

The majority states that, in cases of *misdemeanor* deferred adjudication, art. 42.12, § 5(a) calls for the trial judge to take the following sequential steps:

(1) receive the defendant's plea;

(2) hear any evidence substantiating the defendant's guilt;

(3) determine whether the evidence substantiates the defendant's guilt;

(4) defer further proceedings without adjudicating the defendant's guilt; and

(5) place the defendant on probation.

Majority Opinion pg. 612. The majority, recognizing that § 5(a) requires that the defendant be admonished of the possible consequences of violating deferred adjudication probation, nevertheless holds that giving the admonition *prior* to the plea is not a "condi-

---

**10.** The Court thus pretermits any consideration of ramifications of a failure to "inform" a defendant *after* the court renders its decision to place

him on probation. We are satisfied, however, that such omission will have no retroactive effect *vis a vis* voluntariness of his prior plea.

tion precedent to a voluntary plea." *Id.,* at 612. The majority, citing art. 27.14, reasons that since a misdemeanor defendant need not be present in order to enter his plea, and may be admonished in writing, the admonition required under § 5(a) is merely "pro forma" and has no bearing as to whether the plea is knowingly and voluntarily given. *Id.* Thus, a misdemeanor defendant need not be admonished prior to entering his plea. *Id.*

I believe, however, that the majority's distinction between admonitions for felony deferred adjudication probation and misdemeanor deferred adjudication probation subverts the legislative intent behind amending art. 42.12 § 5(a). "In enacting an amendment the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless." *Ex parte Trahan,* 591 S.W.2d 837, 842 (Tex.Cr.App.1980). The amendment of art. 42.12, § 5(a), requiring the admonition, underscores the importance placed by the Legislature on the defendant's knowledge of the consequences of violating deferred adjudication probation, regardless of the class of the offense. Further, the majority's distinction between felony and misdemeanor deferred adjudication probation is not supported by the text of art. 42.12, § 5(a). Moreover, insofar as incarceration may be a consequence of violating misdemeanor deferred adjudication probation, the majority's distinction between felonies and misdemeanors is artificial. Finally, the majority erroneously relies on out-dated case law to ascertain the correct procedure for admonishing a misdemeanor defendant.

## II.

In addressing the issue of plea admonishments, the United States Supreme Court has held that because a guilty plea involves simultaneously waiving several Constitutionally protected rights, the plea must be made voluntarily and knowingly, otherwise due process is violated. *Boykin v. Alabama,* 395 U.S. 238, 243–244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), *and McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171,

22 L.Ed.2d 418 (1969). In *McCarthy,* the Court explained the two purposes furthered by the trial judge's admonition of a defendant prior to taking a guilty plea:

... By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack.

These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, [1023], 82 L.Ed. 1461 (1938). *Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.* Moreover, *because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.*[1]

*McCarthy,* 394 U.S. at 466, 89 S.Ct. at 1171. *See also, Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712; *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."). Consequently, where a defendant enters a guilty plea without knowing the punishment range of the offense, he does not enter the plea having *"full understanding of what the plea connotes and of its consequence." Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712.

In *Hughes v. State,* 833 S.W.2d 137 (Tex. Cr.App.1992), we acknowledged that the voluntariness of a defendant's guilty plea under

---

1. All emphasis is supplied unless otherwise indicated.

art. 26.13 hinges on whether the trial judge admonishes him of the punishment range *prior* to his entering the plea. *Id.,* at 140. *See also, Whitten v. State,* 587 S.W.2d 156, 159 (Tex.Cr.App.1979) (Op. on reh'g). Where a defendant is not informed of the punishment range prior to entering his plea, the plea is not knowingly entered, hence, it is not voluntary. *Hughes,* 833 S.W.2d at 140. *See also, Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App.1980). Further, such admonitions must be shown in the record in order to comply with due process requirements. *Whitten,* 587 S.W.2d at 158.

Because the plea proceedings involved in the deferred adjudication statute, art. 42.12, § 5(a), are similar to the proceedings for a guilty plea under art. 26.13,[2] the same due process principles apply to each statute.[3] In *Whitten,* 587 S.W.2d 156, we explained that the underlying purpose of the art. 26.13 admonishments was "to insure that the defendant entered his plea with full knowledge of its consequences. An affirmative showing of such knowledge is constitutionally required as well." *Id.,* at 158 (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709). While art. 26.13 applies only to felony offenses, *McGuire v. State,* 617 S.W.2d 259, 261 (Tex. Cr.App.1981), in the context of art. 42.12 § 5(a) the due process principles upon which art. 26.13 is based are equally applicable to misdemeanor defendants who face actual incarceration. *Compare, Scott v. Illinois,* 440 U.S. 367–373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979), *and Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d

530 (1972). *See also, Mayer v. City of Chicago,* 404 U.S. 189, 195–197, 92 S.Ct. 410, 415–416, 30 L.Ed.2d 372 (1971).

In *Scott* and *Argersinger* the Supreme Court extended the rule of *Gideon,*[4] to require the appointment of counsel for indigent defendants in misdemeanor proceedings where the defendant faces actual incarceration. *Scott,* 440 U.S. at 373, 99 S.Ct. at 1162; *Argersinger,* 407 U.S. at 40, 92 S.Ct. at 2014. The basis for these holdings rested on the severe nature of incarceration as a punishment. In *Argersinger,* the Court stated that the due process principle of *Gideon* "had relevance to *any* criminal trial where an accused is deprived of his liberty." *Argersinger,* 407 U.S. at 32, 92 S.Ct. at 2010. The Court observed that where incarceration was involved, even for a brief period of time, the distinction between felony and misdemeanor offenses blurred. *Id.,* 407 U.S. at 33, 92 S.Ct. at 2010. Consequently, when a misdemeanor defendant faced incarceration, the due process principles involved in felony trials are equally applicable to misdemeanor trials. *Argersinger,* 407 U.S. at 33, 92 S.Ct. at 2010; *see also, Scott,* 440 U.S. at 372–374, 99 S.Ct. at 1161–1162.

The reasoning in *Argersinger* and *Scott* extends to the admonitions required prior to a defendant's guilty plea in deferred adjudication cases. Since incarceration is often a consequence of violating misdemeanor deferred adjudication probation, a defendant needs to know of that consequence *before* accepting a sentence of deferred adjudication probation. At least one court of appeals has

**2.** Tex.Code Crim.Proc.Ann. art. 26.13 reads in pertinent part:
    (a) *Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:*
      (1) *the range of punishment attached to the offense* ...
    (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.
    (d) *The court may make the admonitions required by this article either orally or in writing.* If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of

the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

**3.** Since a statute within a common scheme should be construed, if possible, to harmonize with the other statutes in that scheme, *see, Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Cr.App. 1988), *and* 67 Tex.Jur.3d, Statutes, § 135 (1989), art. 42.12, § 5(a) is consistent with art. 26.13 bearing in mind that art. 26.13 sets out the requirements for admonishing a defendant prior to his entering a guilty plea and art. 42.12, § 5(a) adds an element with which a defendant must be informed.

**4.** *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

held that due process requires the trial judge to admonish a misdemeanor defendant on the punishment range *prior* to accepting his plea. *McMillan v. State*, 703 S.W.2d 341, 343 (Tex. App.—Dallas 1985).[5]

### III.

#### A.

Under art. 42.12, § 5(a), the trial judge must inform a defendant of the consequences of violating deferred adjudication probation. The issue in the instant case is *when* the trial judge is required to inform the defendant. In interpreting the meaning of legislation, it is our duty to "effectuate the collective intent or purpose of the legislature." *Ward v. State*, 829 S.W.2d 787, 790 (Tex.Cr.App.1992); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr. App.1991).

Prior to 1985, misdemeanor deferred adjudication was governed by former art. 42.*13*, § 3(d). However, in 1985, the Legislature repealed former art. 42.*13*, § 3(d) and merged it with the provision relating to felony deferred adjudication, art. 42.*12*, § 3(d). Acts 1985, 69th Leg., Ch. 427, §§ 1 and 3. Within the amended statute, the Legislature did not distinguish between the two classes of offenses.[6] By merging the statutes, the Legislature intended to eliminate the distinctions between felony and misdemeanor deferred adjudication. *See, Trahan*, 591 S.W.2d at 842.

In 1989, the Legislature again amended art. 42.12 § 5(a) to its current version. The amendment requires the trial judge to admonish a defendant facing deferred adjudica-

tion of the possible consequences of violating that probation.

Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. *The court shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation. If the information is provided orally, the court must record and maintain the court's statement to the defendant.* In a felony case, the period of probation may not exceed 10 years. In a misdemeanor case, the period of probation may not exceed two years.

*See,* Acts 1989, 71st Leg.R.S., Ch. 785, § 4.17; Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a).

We may safely presume the Legislature added the admonition requirement to art. 42.12 knowing the constitutional due process implications of *Boykin/McCarthy* and *Argersinger/Scott. Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex.Cr.App.1992) ("[W]hen examining amendments to existing legislation, it is presumed that the legislature was aware of case law affecting or relating to the statute."). Thus, in amending art. 42.12, § 5(a), the Legislature created a vehicle to inform the defendant of the effect of his plea and of the consequences of violating deferred adjudication probation.[7] *See, Boykin*, 395 U.S. at

---

5. On petition for discretionary review, this Court expressly declined to answer the constitutional question of whether constitutional due process required a misdemeanor defendant be informed as to the maximum punishment for an offense. This Court held, however, that contrary to the Court of Appeals' finding, the record indicated that McMillan was adequately informed of the maximum punishment so that constitutional due process requirements were satisfied. *McMillan v. State*, 727 S.W.2d 582, 584 (Tex.Cr.App.1987).

6. The Legislature did specify the varying permissible lengths of probation for felonies and misdemeanors.

7. Despite the differences in the House and Senate versions of art. 42.12, § 5(a), there is a clear intent to place the trial judge's admonition to the defendant on the record, which is consistent with the due process requirements of *Boykin*, 395 U.S. at 244, 89 S.Ct. at 1712, and *McCarthy*, 394 U.S. at 465–466, 89 S.Ct. at 1170–1171. *Compare,* H.J. of Tex., 71st Leg., R.S. 1358 (1989), *and,* House Comm. on Corrections, Bill Analysis, Tex. H.B. 2335, 71st Leg., R.S. (1989) ("The court shall inform the defendant orally of the possible consequences under Subsection (b) of this section of a violation of probation, and the defendant shall acknowledge the fact that he has been informed of those consequences"), *with,* Tex. C.S.S.B. 2335, 71st Leg., R.S. (1989), and, Senate Comm. on Criminal Justice, Bill Analysis,

244, 89 S.Ct. at 1713. It is further presumed that the Legislature intended the statute to comply with constitutional requirements. Tex.Gov't Code Ann. § 311.021(1). Yet in order to be consistent with the Federal due process requirements of *Boykin* and *McCarthy,* a trial judge must admonish the defendant *prior* to the defendant's entering his plea, otherwise the defendant does not "know" the consequences of his plea prior to entering it. Since this is not a "knowing" plea, it is not a voluntary one. *McCarthy,* 394 U.S. at 466, 89 S.Ct. at 1171; *Hughes,* 833 S.W.2d at 140. Therefore, knowing that due process required admonitions to be given prior to the entry of the plea, the Legislature obviously intended for the admonitions of art. 42.12 § 5(a) to be given prior to the plea.[8]

### B.

Further, a reading of art. 42.12, § 5(a) does not support the majority's distinction between admonishments for felony and misdemeanor deferred adjudication probation. The majority's reading of art. 42.12, § 5(a), requiring two separate admonitions, results in an irrational rule. *See, Boykin,* 818 S.W.2d at 785.

The majority construes § 5(a) to result in an artificial distinction between felonies and

Tex.C.S.H.B. 2335, 71st Leg., R.S. (1989) ("The court shall inform the defendant orally and in writing of the possible consequences under Subsection (b) of this section of a violation of probation").

Therefore, insofar as the history of art. 42.12, § 5(a) indicates the Legislature sought to insure the defendant's voluntary plea would be in the record, as required by *Boykin* and *McCarthy,* it is logical to infer that the Legislature also intended that the trial judge admonish a defendant, either orally or in writing, *prior* to taking the defendant's guilty plea.

8. In attempting to distinguish felony from misdemeanor admonishments, the majority notes that the provision relating to misdemeanor pleas, art. 27.14(a), does not require a misdemeanor defendant to be present to enter his guilty plea. Majority Op. pg. 612. The majority further notes that art. 42.12, § 5(a) permits a defendant to be admonished in writing. In reading the two statutes together, the majority reasons that since a misdemeanor defendant need not be present in court to enter a plea, he need not be present in court to receive the admonishments. Thus, the majority concludes, since a misdemeanor defen-

misdemeanors: (1) a felony defendant must receive admonitions *prior* to entering a guilty plea, and (2) a misdemeanor defendant may receive admonitions *after* entering a guilty plea. This interpretation is erroneous for at least three reasons: First, the text does not distinguish between felonies and misdemeanors. As previously noted, the Legislature repealed former art. *42.13,* § 3(d) and merged it with art. *42.12.* Acts 1985, 69th Leg., Ch. 427, §§ 1 and 3. In merging the statutes, the Legislature sought to eliminate any distinctions between felony and misdemeanor deferred adjudication. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed *and it is not for the courts to add or subtract from such a statute."* *Boykin v. State,* 818 S.W.2d at 785 (quoting *Ex parte Davis,* 412 S.W.2d 46, 52 (Tex.Cr.App. 1967)). *See also, State v. Kaiser,* 822 S.W.2d 697, 700 (Tex.App.—Fort Worth 1991) ("[T]he existence or non-existence of the particular intent of a statute may be inferred from the fact that an act does not contain a certain provision."), *and State v. Jones,* 570 S.W.2d 122, 123 (Tex.App.—Austin 1978). *Compare, Ex parte McIver,* 586 S.W.2d 851, 856 (Tex.Cr.App.1979) ("[T]he express mention or enumeration of one person, thing,

dant need not be *orally admonished* of the consequences of violating deferred adjudication probation, he need not know of those consequences *prior* to entering a plea. Majority Op. pg. 612.

However, this conclusion erroneously presumes that a misdemeanor defendant may not be admonished *in writing* prior to entering his plea. This conclusion is questionable because the provision relating to felony pleas, art. 26.13(d), specifically permits a judge to admonish a felony defendant *in writing,* rather than orally, prior to accepting the defendant's plea. Thus, I fail to see why the trial judge's written admonitions cannot be given to a misdemeanor defendant before he enters a plea, even though written admonitions may be given to a felony defendant before he enters a plea. Because the purpose of § 5(a) is to provide a defendant sufficient information concerning the possible punishment for violating deferred adjudication probation for him to understand the consequences of his plea, it does not matter whether the admonitions are written or oral so long as the defendant receives them prior to entering his plea. *See, McMillan v. State,* 703 S.W.2d at 344–345 (and cases cited therein).

consequence, or class is tantamount to an express exclusion of all others."). Since the admonishment portion of § 5(a) does not distinguish between felonies and misdemeanors, any such distinction made by the Majority is artificial.[9]

Second, for the purpose of admonitions, the majority's distinction between felonies and misdemeanors is purely arbitrary in view of the punishment faced by many misdemeanor defendants for violating deferred adjudication probation. Our Penal Code prescribes incarceration as a possible punishment for both Class A and Class B misdemeanors. Tex.Penal Code Ann. §§ 12.21 and 12.22. Any attempt to distinguish between felony and misdemeanor ranges of punishment overlap. For example, under § 12.21 the punishment for a Class A misdemeanor may include "confinement in jail for a term not to exceed *one year.*" Similarly, an individual adjudged guilty of a third degree felony may be confined in a community correctional facility for up to *one year.* Tex.Penal Code Ann. § 12.34(2).

The prospect of incarceration is a real possibility for many misdemeanor defendants who violate the terms of deferred adjudication probation. As the Supreme Court acknowledged in *Argersinger,* "the prospect of imprisonment for however a short time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in quite serious repercussions affecting his career and his reputation." *Id.,* 407 U.S. at 37, 92 S.Ct. at 2012 (quoting *Baldwin v. New York,* 399 U.S. 66, 73, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970)). The Court further noted that "[a]ny incarceration, over thirty days, more or less, will usually result in loss of employment, with a consequent substantial detriment to the defendant and his family." *Id.,* 407 U.S. at 37, 92 S.Ct. at 2012 n. 6 (quoting *Marston v. Oliver,* 324 F.Supp. 691, 696 (E.D.Va.1971)). Thus, it is clear that a

misdemeanor defendant facing incarceration following revocation of his deferred adjudication probation may endure similar personal and economic hardships as those of a felony defendant.

In the instant case, appellant was placed on deferred adjudication probation for a Class A misdemeanor. Yet had he been placed on deferred adjudication for a third degree felony, despite facing an equivalent punishment, under the majority's holding, he would have been entitled to an admonishment *prior* to entering his plea. The majority cannot justify this distinction on the class of the offense when the punishment for each can result in the same "deprivation of a person's liberty". *See, Argersinger,* 407 U.S. at 39–40, 92 S.Ct. at 2013–2014, *and McMillan,* 703 S.W.2d at 344. *Compare, Mayer,* 404 U.S. at 195–196, 92 S.Ct. at 415–416.

Third, in attempting to ascertain the correct procedure for admonishing a misdemeanor defendant under art. 42.12,' § 5(a), the majority relies upon out-dated case law. The majority acknowledges there is no case precedent interpreting art. 42.12, § 5(a). Majority Op. pg. 611. However, the majority also notes that we have held that under the prior deferred adjudication statute, art. 42.-12, § 3(d), due process was not violated by failing to admonish a defendant of the possible consequences of deferred adjudication probation. Majority Op. pg. 611. Relying on *McNew v. State,* 608 S.W.2d 166, 172–173, 177 (Tex.Cr.App.1980), the majority observes:

> [f]ailure to admonish a defendant of certain post-revocation and adjudication contingencies ... does not violate rights to due process and effective assistance of counsel. While it may be "better practice" to admonish as to consequences of deferred adjudication in a felony case, *Article 26.13* does not require it.

This expressed distinction between the probationary lengths of felony and misdemeanor offenses only highlights the absence of a legislative intent to distinguish between felony and misdemeanor admonishments in the preceding sentence of the statute. *See, McIver,* supra, *Kaiser,* supra, *and Jones,* supra.

---

9. It is notable that immediately following the admonition requirement, § 5(a) does distinguish between felonies and misdemeanors with regard to the length of probation:
   ... In a felony case, the period of probation may not exceed 10 years. In a misdemeanor case, the period of probation may not exceed two years.

Majority Op. pg. 611 (citations omitted) (emphasis in original). However, as the Court of Appeals correctly noted, relying on *McNew* and other pre-amendment case law to ascertain the due process implications of art 42.12, § 5(a) is misplaced. *Price v. State,* 846 S.W.2d 37, 40 (Tex.App.—Dallas 1992).

The *McNew* Court addressed art. 42.12, § 3(d), which did *not* contain an admonition requirement. By contrast, art. 42.12, § 5(a) contains such a requirement. It is undeniable that the Legislature has the authority to create new statutory rights as long as those rights do not conflict with the Federal or State Constitution. *See,* 67 Tex.Jur.3d *Statutes* §§ 7, 78 (1989). *See also, Silver v. Silver,* 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1929); *Ex parte Halsted,* 147 Tex.Crim. 453, 182 S.W.2d 479, 482 (1944), *and McCulloch v. Fox and Jacobs, Inc.,* 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985). By amending art. 42.12 § 5(a), the Legislature expressly created the right for a defendant receiving deferred adjudication probation be admonished; the failure to provide an admonition violates that statutory right. Consequently, *McNew* is inapplicable because the amendment to § 5(a) created a new right which did not exist under art. 42.12, § 3(d).

### IV.

In conclusion, the Majority interpretation art. 42.12, § 5(a) creates an artificial and false distinction between misdemeanor deferred adjudication probation and felony deferred adjudication probation. It cannot be logically argued that such a distinction was ever intended by the Legislature. The statute provides that defendants receiving deferred adjudication probation must be admonished of the possible consequences of violating that probation. Due process principles require that in order for a felony defendant's plea to be knowing and voluntary, he must be informed *prior* to making his plea as to the consequences, including the possible punishment. *Boykin,* 395 U.S. at 243–244, 89 S.Ct. at 1712, *and, McCarthy,* 394 U.S. at 466, 89 S.Ct. at 1171. Those same principles apply to a misdemeanor defendant who faces incarceration. By giving trial judges the discretion of when to admonish a misdemeanor defendant, the Majority opinion violates those due process principles and subverts the ends which the Legislature sought to achieve.

For the foregoing reasons, I would affirm the judgment of the Court of Appeals. Because the Majority does not, I respectfully dissent.

OVERSTREET and MALONEY, JJ., join this opinion.