IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-294-CR





JOHN KEVIN McCALL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE





 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 36,526, HONORABLE FRANK G. McDONALD, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from what appellant contends is a judgment of conviction for
possession of methamphetamine. Controlled Substances Act, 68th Leg., R.S., ch. 425, § 9, 1983
Tex. Gen. Laws 2361, 2379 (Tex. Rev. Civ. Stat. Ann. art. 4476-15, § 4.04(a), (b), since
repealed). Because the record does not contain a judgment of conviction or other appealable
order, we will dismiss the appeal.

 On July 6, 1988, appellant pleaded guilty to an indictment accusing him of
possessing less than twenty-eight grams of methamphetamine. On September 7, 1988, the district
court determined that the evidence substantiated appellant's guilt, but deferred further proceedings
and placed appellant on community supervision for ten years. (1) On August 5, 1993, a hearing was
conducted on the State's motion to revoke appellant's community supervision. At the conclusion
of this hearing, the court stated:



THE COURT: Stand up, Mr. McCall. 


 Mr. McCall, I find that you have violated conditions two and three of the
terms of your probation, and your probation is hereby revoked. You're hereby
adjudicated guilty of the offense of which you were put on probation for and
nonadjudicated back in 19 -- the 7th of September 1988. And I'm going to follow
the recommendation of the district attorney here and am going to sentence you to
the drug program at the TDC which he indicated.


MR. EAKIN [prosecutor]: Your Honor, one thing, I don't believe a pre-sentence
investigation has been prepared in this case, yet, so we'd need to hold up
sentencing.


THE COURT: You need to do that.


MR. EAKIN: We need to do that before we can complete sentencing.


THE COURT: Well, rub that out, please.


 Since the pre-sentence investigation has not been completed, we will order
that that be done, and you'll be required to come back at a time that you'll be
notified for sentencing.



On February 16, 1994, the parties reappeared in district court.



THE COURT: All right, sir. If I'm not mistaken we had a hearing on August the
5th of last year and the Defendant was found to have violated conditions two and
three of the terms of his probation and his probation was revoked and a PSI was
ordered and we are here today to determine what to do next. Is that not correct?



The parties agreed that the court's understanding was correct. Later, after a brief discussion of
the presentence report, the court announced:



THE COURT: The Defendant is to be continued on probation but required to
submit to and go to the Substance Abuse Felony Punishment Facility at Gatesville
or other facility as determined by the probation department.



 The transcript contains what is styled a "fourth amended judgment" dated February
16, 1994. This document reads:



The defendant having been previously granted an ORDER DEFERRING
ADJUDICATION of the offense of Possession of Methamphetamine on the 7th day
of September, 1988, as set forth in the Judgment in Cause #36,526, styled,: THE
STATE OF TEXAS VS John Kevin McCall and signed on the 7th day of
September, 1988, makes this appearance before the Court at the request of the
Judge for the purpose of modifying the terms of his community supervision which
was granted to him on the above referred to date for a period of ten (10) years.


The terms of that community supervision were:


. . .


 It appears to the Court that good cause exists for modifying the terms of
community supervision to read as follows:


. . .


The defendant is present in Court and was appraised of these changes and given a
copy of this order.


 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the
Judgment be changed to include the conditions of community supervision herein
above enumerated and the Defendant acknowledges he is bound by said changed
and modified terms.



By its terms, this "fourth amended judgment" is in fact an order modifying the conditions of
community supervision originally imposed in September 1988. Among other things, the order
requires appellant to serve a term of confinement and treatment in a substance abuse treatment
facility operated by the Department of Criminal Justice. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 14 (West Supp. 1994); Tex. Gov't Code Ann. § 493.009 (West Supp. 1994). (2) 

 The transcript contains neither an order revoking appellant's community
supervision nor a judgment of guilt. Nevertheless, appellant urges that the record is sufficient to
demonstrate that he was adjudicated guilty. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(West Supp. 1994). As support for this contention, appellant refers us to Price v. State, 866
S.W.2d 606, 609 n.3 (Tex. Crim. App. 1993).

 We find Price to be distinguishable. Although the transcript in that case did not
contain a judgment, it did contain a document imposing sentence "in accordance with the judgment
of conviction heretofore entered." A defendant cannot be sentenced unless he has first been
adjudged guilty. See Tex. Code Crim. Proc. Ann. art. 42.02 (West Supp. 1994). In this cause,
sentence has not been imposed on appellant either orally or in writing. In fact, it would be
impossible to impose sentence in this cause because no punishment has been assessed.

 At the August 5 hearing, the district court announced that it was adjudicating
appellant guilty, revoking his community supervision, and ordering him confined in a substance
abuse treatment facility. Under the terms of article 42.12, section 14, however, confinement in
such a facility must be imposed as a condition of community supervision. Thus, at the conclusion
of the February 16 hearing, the district court announced that it was continuing appellant on
community supervision subject to the condition that he attend a substance abuse treatment facility. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 22 (a)(4) (West Supp. 1994). The written "judgment,"
consistent with the court's oral pronouncement on February 16, does not adjudicate appellant
guilty and continues him on community supervision subject to the modified conditions. 

 No appeal can be taken from an order modifying the conditions of community
supervision. Basaldua v. State, 58 S.W.2d 2, 5 (Tex. Crim. App. 1977). The appeal is
dismissed.


Before Chief Justice Carroll, Justices Jones and Kidd

Appeal Dismissed

Filed: December 7, 1994

Do Not Publish

1.   A defendant who was placed on probation or received deferred adjudication before
September 1, 1993, is considered to have been placed on community supervision. Act of May
29, 1993, 73d Leg., R.S., ch. 900, § 4.04(a), 1993 Tex. Gen. Laws 3586, 3743.
2.   Confinement and treatment pursuant to article 42.12, section 14 may be required as
a condition of community supervision regardless of the date of the offense. Act of May 29,
1993, 73d Leg., R.S., ch. 900, § 4.02(b), 1993 Tex. Gen. Laws 3586, 3742-43.