Perez v. SOT






NUMBER 13-98-529-CR



MICHAEL ANTHONY PEREZ, SR. v. THE STATE OF TEXAS


On appeal from the 24th District Court of Victoria County, Texas.



O P I N I O N



Before Justices Dorsey, Hinojosa, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Michael Anthony Perez, Sr., pleaded guilty to possession of
cocaine and, pursuant to a plea agreement, was placed on deferred adjudication
community supervision for three years. The State subsequently filed a motion to
revoke appellant's community supervision and to adjudicate his guilt. After finding
three of the State's allegations to be true, the trial court revoked appellant's
community supervision, found him guilty of the offense of possession of cocaine,
and assessed his punishment at one year and ninety days imprisonment in a state
jail facility. We dismiss for want of jurisdiction.

 Appellant's counsel has filed a brief in which he has concluded that this
appeal is wholly frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738 (1967), as it presents a professional evaluation
of why there are no arguable grounds for advancing an appeal. See Stafford v.
State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Appellant's counsel states in the
brief that he has informed appellant of his right to examine the appellate record and
to file a pro se brief. No such brief has been filed. Counsel has also filed a motion
to withdraw as appellant's counsel.

 Article 42.12, section 5 of the code of criminal procedure controls questions
concerning deferred adjudication community supervision and motions to adjudicate
guilt. Article 42.12, section 5(b) states, in relevant part:

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and
detained . . . . The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication
of guilt on the original charge. No appeal may be taken from this
determination.

 

Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 1999).

 It is well settled that no appeal may be taken from the hearing in which the
trial court determines to proceed with an adjudication of guilt on the original charge. 
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Russell v. State, 702 S.W.2d 617,
618 (Tex. Crim. App. 1985); Leal v. State, 962 S.W.2d 652, 653 (Tex.
App.--Corpus Christi 1998, no pet.); Lindsey v. State, 902 S.W.2d 9, 13 (Tex.
App.--Corpus Christi 1995, no pet.). Proceedings subsequent to an adjudication of
guilt are appealable. Id. This rule is designed to eliminate appellate review of the
hearing on the motion to adjudicate guilt, including but not limited to issues such as
admissibility and sufficiency of the evidence. Gilbert v. State, 852 S.W.2d 623,
625 (Tex. App.--Amarillo 1993, no pet.); De Leon v. State, 797 S.W.2d 186, 188
(Tex. App.--Corpus Christi 1990, no pet.).

 There are a limited number of grounds under article 42.12, section 5(b)
allowing an appeal against the trial court's decision to adjudicate; these concern
matters of procedure, jurisdiction, and the voluntariness of appellant's plea. See,
e.g., Flowers v. State, 935 S.W.2d 131, 133-34 (Tex. Crim. App. 1996); Price v.
State, 846 S.W.2d 37, 39 (Tex. App.--Dallas 1992), rev'd on other grounds, 866
S.W.2d 606 (Tex. Crim. App. 1993), Eldridge v. State, 731 S.W.2d 618, 619
(Tex. App.--Houston [1st Dist.] 1987, no pet.); Fuller v. State, 653 S.W.2d 65,
66-67 (Tex. App.--Tyler 1983, no pet.); Dahlkoetter v. State, 628 S.W.2d 255,
257-58 (Tex. App.--Amarillo 1982, no pet.). After reviewing the record, we find
these grounds are not present in this case.

 We have carefully reviewed the entire record and counsel's brief and agree
that this appeal is wholly frivolous and without merit. We find nothing in the
record which might arguably support this appeal.

 We conclude we are without jurisdiction to consider this appeal. We grant
appellant's counsel's motion to withdraw and dismiss this appeal for want of
jurisdiction.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 27th day of May, 1999.