Opinion filed November 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00018-CR

                                                    __________

 

                                DAVID
ROY WILLIAMS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 297th District Court

 

                                                          Tarrant
County, Texas

 

                                                  Trial
Court Cause No. 1047438D



 

                                            M
E M O R A N D U M   O P I N I O N

             David
Roy Williams pleaded guilty to theft of property in the amount of more than
$1,500 but less than $20,000.  The trial court found him guilty and assessed
his punishment at eighteen months confinement in the Texas Department of
Criminal Justice, State Jail Division.  We affirm.  

            In
one issue, appellant asserts that his guilty plea was involuntary. 
Specifically, appellant argues that there was no record of the plea hearing
showing that he was orally admonished.  

        A guilty plea
must be entered into intelligently and voluntarily in order to be valid under
the Due Process Clause of the United States Constitution.  Bousley v. United
States, 523 U.S. 614, 618 (1998). The Due Process Clause requires that a
defendant who pleads guilty be fully aware of the nature of the charge against
him and the consequences of the plea.  Id.  However, due process does
not require that the trial court admonish a defendant who pleaded guilty about
every possible consequence of his plea.  Mitschke v. State, 129 S.W.3d
130, 136 (Tex. Crim. App. 2004).  In order to find that a defendant’s plea was intelligently
and voluntarily entered, the court must “[canvass] the matter with the accused
to make sure he has a full understanding of what the plea connotes and of its
consequence.” Boykin v. Alabama, 395 U.S. 238, 244 (1969). 

        In Texas, a
trial court must also admonish a defendant who pleaded guilty of the consequences of the plea as specifically set out in Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2010).  These admonishments
serve to protect several constitutional rights of the defendant.  Anderson
v. State, 182 S.W.3d 914, 917-18 (Tex. Crim. App. 2006). The admonishments assure
the court that the defendant’s waiver of these rights in entering a guilty plea
comports with due process, that is, that the waiver was made voluntarily and
with knowledge of the consequences of the plea. VanNortrick v. State, 227
S.W.3d 706, 708 (Tex. Crim. App. 2007). The trial court may make the
admonishments either orally or in writing.  Article 26.13(d).  If the court
makes the admonishments in writing, it must receive a statement signed by the
defendant and the defendant’s attorney that he understands the admonitions and
is aware of the consequences of his plea.  Id.  When the defendant and
trial counsel have signed written admonishments, statements, or waivers, and it
has been established that the defendant has read and understood the admonishments,
the trial court is not required to orally inquire about the voluntariness of
the plea.   Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st
Dist.] 1996, no pet.). 

            Appellant
argues that, because the record does not show that he was orally admonished, his
guilty plea was not knowing and voluntary.  The United States Supreme Court
held that a waiver of important constitutional rights cannot be presumed from a
silent record.  Boykin, 395 U.S. at 243.  Constitutional rights can be
waived if it is shown that the defendant made an intentional relinquishment or
abandonment of a known right or privilege.  Boykin, 395 U.S. at 243.  Article 26.13(d) was the vehicle for
courts to comply with the constitutional requirements of due process for
defendants entering guilty pleas. Price v. State, 866 S.W.2d 606, 616-17
(Tex. Crim. App. 1993). These admonishments can be made either orally or in
writing.  Article 26.13(d).

            The
record is not silent in this case.  Appellant and his attorney signed written
admonishments waiving his constitutional rights.  These written admonishments
show that appellant had an understanding of the nature of the charge and the
consequences of his plea.  Further, at the sentencing hearing, appellant stated
that he had been admonished in writing and that he had waived his right to a
jury trial and all other rights guaranteed by the Constitution of the United
States.  It is clear from the record that appellant was properly admonished,
waived his constitutional rights, and entered the guilty plea knowingly and
voluntarily.  We overrule appellant’s sole issue on appeal.

            We
affirm the trial court’s judgment.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

November 30, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.