Mark Alan BROWN, Appellant,

v.

The STATE of Texas, State.

No. 2–93–008–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 8, 1996.

Rehearing Overruled April 4, 1996.

David K. Chapman, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section; Steven W. Conder, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and PATRICE M. BARRON (Former Justice, Sitting by Assignment), JJ.

## OPINION

PER CURIAM.

In December 1992, Mark Alan Brown was adjudicated guilty and sentenced to five years in prison for violating conditions of deferred adjudication entered into pursuant to a plea bargain agreement on November 14, 1988. The underlying offense was for theft of property valued at between $750 and $20,000 and the deferred adjudication was for a period of ten years. We affirm.

Appellant contends he is entitled to a new trial because: (1) his plea was involuntary because he was never told by the judge or his lawyer that he could go to prison if he violated the deferred adjudication probation; and (2) the record of the 1988 guilty plea

hearing could not be obtained for appellate review.

### THE MISSING 1988 RECORD

Under rule 50(e) of the Texas Rules of Appellate Procedure, an appealing party is entitled to a new trial if a part of the record is missing without any fault on the appealing party's part. TEX.R.APP.P. 50(e). Appellant claims he is entitled to a new trial because he cannot obtain a transcription of the 1988 guilty plea hearing.

We abated this appeal for the purpose of determining if a record of the appellant's guilty plea hearing was recorded, and if so, who reported it. Between the time that the appellant pled guilty and the time his deferred adjudication probation was revoked, the presiding judge of Criminal District Court Number One (CDC One) had changed. The record was not located, and the parties could not agree on the record, so a hearing was held with regard to the missing record.

At that hearing, the State's attorney stated that he had checked with CDC One's current court reporter, the court reporter that had served at the time of the guilty plea hearing, and a court reporter who sometimes substituted in CDC One during that time period. None of the reporters had any record for the case. He continued "I don't think we will find the record, although there is no evidence ... that a Court Reporter was ever requested to transcribe the notes."

Appellant acquired a new attorney after his probation was revoked in 1992. This attorney represented appellant at the abatement hearing. The attorney also talked to two of the same reporters and received the same information that was given to the State. Importantly, appellant offered no evidence whatsoever that a court reporter was present in 1988, or that a request to record the proceeding had even been made. In fact, the appellant affirmatively stated that he did not recall whether there was a court reporter taking notes at the guilty plea proceeding. Appellant's counsel asked the trial court to take judicial notice of the fact that court reporters routinely take notes of all guilty pleas. This request was denied.

Following the hearing, the trial court found: (1) it could not find the 1988 guilty plea hearing had been recorded; (2) but if there had been a record, it was now lost; and (3) there was no evidence to show that appellant was at fault in the record's loss.

■ The pertinent portion of rule 50(e) states:

> If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e). To obtain a new trial under rule 50(e), the burden is on an appellant to make a timely request for a statement of facts and to establish that he has been deprived of the statement of facts through no fault of his own. *Harris v. State*, 790 S.W.2d 568, 574 (Tex.Crim.App.1989). The burden of showing that an appellant has been deprived of a statement of facts because a court reporter's notes and records have been lost or destroyed assumes that the court reporter made a record of the proceeding, or that a record was requested. *See Presley v. State*, 538 S.W.2d 624, 626 (Tex.Crim.App.1976). However, there is no need for the defendant to request a record if the record shows a court reporter was already present and taking notes. *Lewis v. State*, 844 S.W.2d 750, 752 (Tex.Crim.App.1993). Moreover, there is no presumption that a record was *not* made, simply because one is not requested. *See Emery v. State*, 800 S.W.2d 530, 534 (Tex. Crim.App.1990).

We find that the appellant is not entitled to a new trial under rule 50(e) because he did not meet his burden of showing that a court reporter was present or requested at the guilty plea proceeding. Because there is no evidence that a record was made or requested at the proceeding, rule 50(e) is inapplicable. Appellant's first point of error is overruled.

### VOLUNTARINESS OF THE GUILTY PLEA

■ In his second point of error, appellant contends that his plea was involuntary because the trial court failed to inform him of

the possible consequences of his guilty plea. Specifically, appellant testified that he was not informed that he could be incarcerated, and thought that he would receive only "a felony conviction record" if he violated the terms of his deferred adjudication. We have no record of the guilty plea hearing other than the trial court judgment which states in pertinent part:

> [T]he Defendant entered his pleas as shown above thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant *as to the consequences of such plea, including the range of punishment attached....* [Emphasis added.]

At least one court has held that a presumption arises that an appellant is properly admonished concerning *waiver of counsel* when the judgment reflects that the admonishment was given. *Cox v. State*, 843 S.W.2d 698, 703 (Tex.App.—Corpus Christi 1992, pet. ref'd). This rule is consistent with numerous Court of Criminal Appeals cases that have held that the recitations in the judgment and other portions of the record are binding on an appellant in the absence of direct proof to the contrary, and that the appellant has the burden of overcoming the presumptions raised by the record in such cases. *See, e.g., Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex.Crim.App.1986) (op. on reh'g) (presumption of voluntary plea absent evidence of erroneous advice from attorney); *Breazeale v. State*, 683 S.W.2d 446, 449 (Tex.Crim.App.1984) (op. on reh'g) (presumption of waiver of right to jury); *Schultz v. State*, 510 S.W.2d 940, 944 (Tex.Crim.App.1974) (presumption that State presented evidence to support guilty plea); *Ex parte Clinnard*, 145 Tex.Crim. 460, 169 S.W.2d 181, 182 (App. 1943) (presumption of voluntary plea, waiver of jury, and fundamentally correct charges).

 We conclude that when the recitals in a judgment reflect that an appellant has been admonished as to the *consequences of his guilty plea,* we are entitled to presume that the admonishment was properly given absent competent proof in the record to the contrary. In this case, the only evidence that arguably rebuts the presumption that appellant was admonished as the judgment recitals indicate is appellant's own self-serving testimony that he "was not aware" that he could be incarcerated if he violated the terms of his probation. The testimony of an appellant is insufficient to overcome the presumption of regularity of the records. *Reeves v. State*, 500 S.W.2d 648, 649 (Tex. Crim.App.1973). Accordingly, we find that the appellant was properly admonished, notwithstanding his bald assertion to the contrary. Point of error number two is overruled.

 In his third point of error, appellant contends that he is entitled to a new trial because the trial court did not record in writing its oral admonishments of the possible consequences of a violation of his deferred adjudication probation as required by article 42.12 § 5(a) of the Texas Code of Criminal Procedure. Article 42.12 § 5(a) reads in pertinent part:

> [T]he judge shall inform the defendant *orally or in writing* of the possible consequences under Subsection (b) of this section of a violation of community supervision. *If the information is provided orally, the judge must record and maintain the judge's statement to the defendant.*

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(a) (Vernon Supp.1996) (emphasis added). This language places the burden on the trial judge to maintain a record of an oral deferred adjudication admonishment. *See Joyner v. State*, 882 S.W.2d 59, 60 (Tex.App.—Houston [14th Dist.] 1994, pet. granted). Since we have no record of the judge's oral admonishment in this case, we must presume that they were not given.

 Appellant points us to *Price v. State*, 866 S.W.2d 606, 608, 612 n. 9 (Tex.Crim.App. 1993) in support of his argument that this presumed failure to admonish him as to the consequences of his deferred adjudication rendered his plea involuntary. *Price*, however, supports the opposite conclusion. The court in *Price* declared that a failure to inform a defendant of the consequences of a deferred adjudication sentence does *not* ren-

der a plea involuntary in a *misdemeanor* case. *Id.* at 613.

The courts are split in their decisions as to whether the *Price* rationale applies in felony deferred adjudication cases. *See Brown v. State,* 896 S.W.2d 327, 330–31 (Tex.App.— Houston [1st Dist.] 1995, pet. ref'd); *Joyner,* 882 S.W.2d at 61; *but see Ray v. State,* 877 S.W.2d 425, 427–28 (Tex.App.—Eastland 1994, pet. granted). We join those courts that have adopted the *Price* rationale in felony cases, and hold that the trial court's failure in the instant case to admonish appellant regarding the consequences of his deferred adjudication sentence did not render his guilty plea involuntary. Appellant's third point of error is overruled.

■ In appellant's fourth point of error, he contends that his guilty plea was not voluntary because he was not aware that he could be incarcerated. As we found in point of error two, we must presume that the trial court properly admonished the appellant as to the proper range of punishment. In addition, the agreement to the prosecution's recommendation of deferred adjudication and restitution, signed by both the defendant and his lawyer on November 14, 1988, shows the penalty for the offense charged to be "2–10 years TDC $5000." Hence, we presume that defendant was aware that he could be incarcerated. Consequently, we conclude that his guilty plea was "knowing," freely, and voluntarily given. *See Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Crim.App.1985). Appellant's fourth point of error is overruled.

■ In appellant's fifth point of error he contends that he did not receive effective assistance of counsel because his trial counsel did not explain the consequences of his plea. "[T]he validity of a guilty plea depends upon whether it was entered voluntarily and made intelligently and, if upon advice of an attorney, that counsel was reasonably competent and rendered effective assistance." *Curry v. State,* 861 S.W.2d 479, 483 (Tex.App.—Fort Worth 1993, pet. ref'd) (citing *Ex parte Evans,* 690 S.W.2d at 276 and TEX.CODE CRIM. PROC.ANN. art. 26.13(b) (Vernon 1989)). Without any explicit claims, appellant contends that his trial counsel provided ineffective assistance by failing to inform him that he could be incarcerated due to his deferred adjudication.

■ It is an appellant's burden to prove that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim.App.1987) (orig. proceeding). Moreover, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

We have previously found that appellant presumably knew that he could be incarcerated. He has presented no evidence that his trial counsel's advice in any way contradicted the admonishments given by the trial court. Therefore, there is no evidence that his trial counsel's advice *made the result of the pro-ceeding* different as required by *Strickland.* Accordingly, appellant's fifth point of error is overruled.

The judgment is affirmed.