COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-372-CR
 
 
SERAFIN 
OMAR SALAZAR                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Serafin 
Omar Salazar appeals his five-year sentence for robbery causing bodily injury. 
In four issues, appellant complains that the trial court erred in assessing his 
sentence and by failing to admonish him orally regarding the consequences of an 
open guilty plea and that his lawyer provided ineffective assistance of counsel.  
We will affirm.
        In 
his first issue, appellant complains that the trial court abused its discretion 
by sentencing him to five years’ incarceration instead of granting him regular 
or deferred adjudication community supervision.  Appellant forfeited this 
complaint because the only time he raised it below was in a motion for new trial 
that he failed to present to the trial court.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526, U.S. 1070 (1999). A 
complaint raised for the first time in a motion for new trial is not preserved 
unless the motion is presented to the trial court.  Tex. R. App. P. 21.6; Carranza v. 
State, 960 S.W.2d 76, 78-79 (Tex. Crim. App. 1998).  To prove that a 
motion for new trial has been presented, the record must show that the movant 
brought the motion to the trial court’s attention.  Carranza, 960 
S.W.2d at 79.  The mere filing of a motion for new trial is insufficient to 
show presentment.  Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. 
App. 1993).
        Although 
appellant filed a motion for new trial on sentencing grounds, its fiat remains 
blank. Further, there is nothing else in the record, such as the judge’s 
signature or notation on a proposed order or a hearing date, to show that the 
trial court ever received notice of the motion.  Therefore, appellant’s 
mere filing of his motion for new trial did not preserve his sentencing 
complaint.  We overrule appellant’s first issue.
        In 
his fourth issue, appellant complains that the court erred by only admonishing 
him in writing and not orally regarding the consequences of his open guilty 
plea.  Before accepting a plea of guilty, the court must give a defendant 
the admonitions set forth in article 26.13 either orally or in writing.  Tex. Code Crim. Proc. Ann. art. 26.13(d) 
(Vernon 1989).  If the court makes the admonitions in writing, it must 
receive a statement signed by the defendant and the defendant’s attorney 
stating that he understands the admonitions and is aware of the consequences of 
his plea.  Id.  When the judgment reflects in writing that the 
appellant has been so admonished, the court is entitled to presume that the 
admonishments were properly given, absent evidence to the contrary.  Brown 
v. State, 917 S.W.2d 387, 390 (Tex. App.—Fort Worth 1996, pet. ref’d).
        The 
record in this case contains the required written admonishments and statement 
signed by appellant and his attorney.  Therefore, the court was not 
required to admonish appellant orally.  There is no evidence that the 
admonishments were given improperly.  We overrule appellant’s fourth 
issue.
        In 
his second and third issues, appellant complains that his trial lawyer provided 
ineffective assistance of counsel by not having a firm command of the facts, as 
evidenced by his failure to inform appellant of possible plea bargains offered 
by the State or to request a jury trial on the robbery charge.
        To 
establish ineffective assistance of counsel, an appellant must show that his 
counsel’s performance was deficient and that the deficient performance 
prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 
687, 104 S. Ct. 2052, 2064 (1984); Jaubert v. State, 74 S.W.3d 1, 2 (Tex. 
Crim. App.), cert. denied, 537 U.S. 1005 (2002).  An allegation of 
ineffective assistance of counsel must be firmly founded in the record, and the 
record must affirmatively demonstrate the alleged ineffectiveness.  Turner 
v. State, 49 S.W.3d 461, 464 (Tex. App.—Fort Worth 2001) (citing Thompson 
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)), pet. dism’d, 
improvidently granted, 118 S.W.3d 772 (Tex. Crim. App. 2003).  The 
meager record in this case contains no evidence of alleged possible plea-bargain 
offers from the State, nor does it otherwise support appellant’s ineffective 
assistance complaints.  Accordingly, we overrule appellant’s second and 
third issues and affirm the trial court’s judgment.
  
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
October 7, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.