Salazar v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-372-CR

SERAFIN OMAR SALAZAR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Serafin Omar Salazar appeals his five-year sentence for robbery causing bodily injury.  In four issues, appellant complains that the trial court erred in assessing his sentence and by failing to admonish him orally regarding the consequences of an open guilty plea and that his lawyer provided ineffective assistance of counsel.  We will affirm. 

In his first issue, appellant complains that the trial court abused its discretion by sentencing him to five years’ incarceration instead of granting him regular or deferred adjudication community supervision.  Appellant forfeited this complaint because the only time he raised it below was in a motion for new trial that he failed to present to the trial court.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526, U.S. 1070 (1999).  A complaint raised for the first time in a motion for new trial is not preserved unless the motion is presented to the trial court. 
 
Tex. R. App. P.
 21.6; 
Carranza v. State
, 960 S.W.2d 76, 78-79 (Tex. Crim. App. 1998).  To prove that a motion for new trial has been presented, the record must show that the movant brought the motion to the trial court’s attention. 
 Carranza, 
960 S.W.2d at 79.  The mere filing of a motion for new trial is insufficient to show presentment.  
Reyes v. State
, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). 

Although appellant filed a motion for new trial on sentencing grounds, its fiat remains blank.  Further, there is nothing else in the record, such as the judge’s signature or notation on a proposed order or a hearing date, to show that the trial court ever received notice of the motion.  Therefore, appellant’s mere filing of his motion for new trial did not preserve his sentencing complaint.  We overrule appellant’s first issue.

In his fourth issue, appellant complains that the court erred by only admonishing him in writing and not orally regarding the consequences of his open guilty plea.  Before accepting a plea of guilty, the court must give a defendant the admonitions set forth in article 26.13 either orally or in writing.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(d) (Vernon 1989).  If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant’s attorney stating that he understands the admonitions and is aware of the consequences of his plea.  
Id
.  When the judgment reflects in writing that the appellant has been so admonished, the court is entitled to presume that the admonishments were properly given, absent evidence to the contrary. 
 Brown v. State
, 917 S.W.2d 387, 390 (Tex. App.—Fort Worth 1996, pet. ref’d).

The record in this case contains the required written admonishments and statement signed by appellant and his attorney.  Therefore, the court was not required to admonish appellant orally.  There is no evidence that the admonishments were given improperly.  We overrule appellant’s fourth issue.

In his second and third issues, appellant complains that his trial lawyer provided ineffective assistance of counsel by not having a firm command of the facts, as evidenced by his failure to inform appellant of possible plea bargains offered by the State or to request a jury trial on the robbery charge.

To establish ineffective assistance of counsel, an appellant must show that his counsel’s performance was deficient and that the deficient performance prejudiced the defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Jaubert v. State
, 74 S.W.3d 1, 2 (Tex. Crim. App.), 
cert. denied
, 537 U.S. 1005 (2002).  An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
 Turner v. State, 
49 S.W.3d 461, 464 (Tex. App.—Fort Worth 2001) (citing 
Thompson v. State
, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)), 
pet. dism’d, improvidently granted
, 118 S.W.3d 772 (Tex. Crim. App. 2003).  The meager record in this case contains no evidence of alleged possible plea-bargain offers from the State, nor does it otherwise support appellant’s ineffective assistance complaints.  Accordingly, we overrule appellant’s second and third issues and affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 7, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.