COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| | | No. 08-18-00203-CR |
| EX PARTE: | § | |
| | | Appeal from the |
| GUADALUPE REYES GARCIA-ESCONTRIAS. | § | |
| | | 394th District Court |
| | § | |
| | | of Brewster County, Texas |
| | § | |
| | | (TC# 3250) |
| | § | |
| | § | |

**O P I N I O N**

Garcia-Escontrias appeals the trial court's denial of his application for habeas relief. Garcia-Escontrias alleged that his over twenty-year-old guilty plea to a felony charge of possessing marihuana was involuntarily made because he was not properly admonished about possible immigration consequences of a plea of guilt as required by article 26.13 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4). We affirm.

**BACKGROUND**

According to the documents supplied in his habeas application, Garcia-Escontrias was born in Mexico, entered the United States in 1967, as a child, and never gained his United States citizenship. In 1996, he was indicted for committing the following felony offenses on or about January 15, 1996: (1) possession of marihuana in an amount greater than five pounds but equal to

or less than 50 pounds (count I); and (2) possession of a taxable substance, namely, more than four ounces of marihuana, as a dealer and without also possessing a certificate form the Office of the Comptroller of the State of Texas to show that the imposed tax had been paid (count II). Pursuant to a plea agreement, Garcia-Escontrias thereafter pleaded guilty on December 20, 1996, to the offense of possession of marihuana between five and 50 pounds for which he was placed on 10-years deferred-adjudication community supervision. In connection with his plea, Garcia-Escontrias signed a form titled, "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." This waiver, which was also signed by the trial judge, contained the following recital: "After I admonished the Defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney." As rendered, the final judgment on plea of guilty similarly recited that "the Defendant was advised by the Court of the consequences of said plea[.]"

On August 4, 2017, Garcia-Escontrias filed a petition for writ of habeas corpus pursuant to article 11.072 of the Code of Criminal Procedure. By his petition, Garcia-Escontrias asserted it was error for the trial court to accept his plea of guilty without an affirmative showing that his plea was "intelligent and voluntary" due to a failure to warn of potential immigration consequences as required by article 26.13 of the Code of Criminal Procedure. Garcia-Escontrias petitioned for an order that would withdraw his guilty plea and vacate his judgment of conviction. In support of his petition, he attached an affidavit in which he attested, "I do not remember discussing with my lawyer or the judge that there would be any consequences to my residency status here in the United States because of this conviction." Garcia-Escontrias further asserted, on reason and belief, that the plea transcript was unavailable (if not waived by the parties) given that over twenty years had

2

now elapsed from when he had pleaded guilty to one of the charges filed against him.

Responding, the State answered with a general denial which included no attachments. The court reporter filed a status report advising this Court that nothing was put on the record on the day of any habeas hearing. The trial court entered an order denying the application for writ of habeas corpus. No findings of fact or conclusions of law were made.

## DISCUSSION

On appeal, Garcia-Escontrias argues that the trial court erred in denying habeas relief because, as he asserts, the record presented to the trial court showed that he was not admonished about the possible immigration consequences of his guilty plea. The State responds that any habeas relief is barred by laches in this instance because Garcia-Escontrias slept on his right to complain about his conviction for over two decades before filing his application for writ of habeas corpus. However, as Garcia-Escontrias acknowledges in his brief to this Court, we must uphold the trial court's ruling if it is correct on any theory of law applicable to the case. We affirm the court's ruling here because the record of this habeas proceeding does not affirmatively show non-compliance with article 26.13 at the time of his plea.

### Standard of Review

We review a ruling on an application for habeas corpus for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). We examine the habeas record in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The trial court is the sole finder of fact in a post-conviction application for writ of habeas corpus filed under article 11.072. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). Thus, the trial court may accept or reject any or all of any witness's testimony. *See State v.*

*Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013).  We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case.  *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

*Applicable Law*

The writ of habeas corpus is "an extraordinary remedy" to be used when one's liberty is restrained.  *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014).  Article 11.072 of the Code of Criminal Procedure establishes the procedures to apply for a writ of habeas corpus in a criminal case in which the applicant was placed on community supervision.  TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1.  An applicant seeking post-conviction habeas corpus relief has the burden to establish by a preponderance of the evidence that the facts entitle him to relief.  *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).  Additionally, there is a presumption of the regularity of the judgment of conviction and the proceedings absent a showing to the contrary.  *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Brown v. State*, 917 S.W.2d 387, 390 (Tex. App. – Fort Worth 1996, pet. ref'd); *see also Guerrero*, 400 S.W.3d at 584-85.

Article 26.13 of the Code of Criminal Procedure requires the trial court to admonish a defendant, prior to his plea of guilty or nolo contendre, of the fact that if the defendant is not a citizen of the United States then a plea of guilty or nolo contendre for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4); *VanNortrick v. State*, 227 S.W.3d 706, 707-08 (Tex. Crim. App. 2007); *see also State v. Jimenez*, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999) (observing in its discussion of article 26.13 that "[t]he Legislature chose to require by statute that trial courts admonish persons pleading guilty to a felony after June 13, 1985,

4

that their plea might result in deportation."). The trial court may provide these admonishments to the defendant either orally or in writing, and substantial compliance is sufficient. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c), (d); *VanNortrick*, 227 S.W.3d at 708.

A trial court's admonitions to and inquiries of a defendant prior to his plea of guilty serve to protect several constitutional rights. *VanNortrick*, 227 S.W.3d at 708. They assure the court that the defendant's waiver of these rights in entering a guilty plea comports with due process, that is, the waiver was made voluntarily and with knowledge of the consequences of the plea. *Id*. Article 26.13 is designed to provide these constitutional assurances. *Id*. A guilty plea that is not knowing and voluntary is invalid. *Ex parte Onyeahialam*, 558 S.W.3d 740, 744 (Tex. App. – Houston [14th Dist.] 2018, pet. ref'd) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.").

*Application*

Here, the signed plea papers recited that the trial judge who entered the plea "admonished the Defendant of the consequences of his plea" and "ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney." The judgment also contained a recital that "the Defendant was advised by the Court of the consequences of said plea[.]" Although these recitals do not expressly reference admonishments of immigration consequences, we are required to afford a presumption of regularity towards the judgment and the proceedings surrounding it. *See Ex parte Wilson*, 716 S.W.2d at 956; *Brown*, 917 S.W.2d at 390.

To rebut this presumption of regularity, Garcia-Escontrias provided his own affidavit in which he attested, "I do not remember discussing with my lawyer or the judge that there would be

5

any consequences to my residency status here in the United States because of this conviction." But whether Garcia-Escontrias did not remember being admonished is not equivalent to affirmative evidence that he was not, in fact, so admonished. And even if he had so attested that he was not in fact admonished, the trial court remains the sole finder of fact and is entitled to believe or disbelieve his attestations. *See Ex parte Torres*, 483 S.W.3d at 42; *Guerrero*, 400 S.W.3d at 583; *see also, e.g.*, *Shanklin v. State*, 190 S.W.3d 154, 166-67 (Tex. App. – Houston [1st Dist.] 2005), *pet. dism'd, improvidently granted*, 211 S.W.3d 315 (Tex. Crim. App. 2007); *Ex parte Besada-Peru*, Nos. 14-17-00193-CR, 14-17-00194-CR, 14-17-00195-CR, 2018 WL 542238, at *5 (Tex. App. – Houston [14th Dist.] Jan. 25, 2018, pet. ref'd) (mem. op., not designated for publication) (cases recognizing that the trial court has discretion to disbelieve a habeas applicant's assertions in an affidavit even if the State does not offer controverting evidence). Thus, the trial court's ruling can be upheld on the basis that Garcia-Escontrias failed to prove that he was not admonished regarding the immigration consequences of his plea. *See Ex parte Richardson*, 70 S.W.3d at 870 (an applicant seeking post-conviction habeas corpus relief has the burden to establish by a preponderance of the evidence that the facts entitle him to relief).

Garcia-Escontrias argues in his brief that because there was "no transcript of the plea hearing" that "[n]othing in this written record confirms that the trial court properly admonished Mr. Garcia-Escontrias of the article 26.13(a)(4) immigration consequences[.]" However, that logic would invert the proper burden of proof in a habeas-corpus proceeding. We decline to adopt his rationale in light of well-settled precedent establishing that the habeas applicant has the burden to establish his entitlement to relief. *See Ex parte Richardson*, 70 S.W.3d at 870. Furthermore, our sister courts have held that we must presume there was evidence to support the trial court's

6

judgment in the absence of a reporter's record on the contested, underlying proceeding. *See Ex parte McKeand*, 454 S.W.3d 52, 54 (Tex. App. – Houston [1st Dist.] 2014, no pet.); *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex. App. – Dallas 1990, orig. proceeding). The absence of a reporter's record from Garcia-Escontrias' plea hearing cuts against a finding that the trial court failed to properly admonish him because we are unable to affirmatively determine whether the trial court orally provided the required admonishments at the plea hearing. And article 26.13 expressly provides that compliance is met where the trial court provides required admonishments orally or in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c), (d); *VanNortrick*, 227 S.W.3d at 708.

Based on the evidence Garcia-Escontrias presented to the trial court, we hold that the trial court did not abuse its discretion in denying habeas relief in this instance where: (1) the judgment recited he was admonished by the trial court of the consequences of his plea; (2) Garcia-Escontrias did not provide a reporter's record of the plea proceeding; and (3) the trial court could have properly discounted the only evidence offered to contravene the judgment's recital. *See Aziz v. State*, Nos. 14-99-00586-CR, 14-99-00587-CR, 1999 WL 976226, at *2 (Tex. App. – Houston [14th Dist.] Oct. 28, 1999, pet. ref'd) (not designated for publication) (holding that the habeas applicant failed to overcome presumption that he was properly admonished of immigration consequences per article 26.13 where: (1) the judgment recited that "the Defendant *was admonished by the Court of the consequences of the said plea*"; (2) the applicant did not provide a reporter's record of the plea proceedings; and (3) the only evidence offered by the applicant to contravene the judgment's recital was his own affidavit in which he claimed he was not so admonished) [Emphasis in original]; *see also Brown*, 917 S.W.2d at 390 ("We conclude that when

the recitals in a judgment reflect that an appellant has been admonished as to the *consequences of his guilty plea*, we are entitled to presume that the admonishment was properly given absent competent proof in the record to the contrary. In this case, the only evidence that arguably rebuts the presumption that appellant was admonished as the judgment recitals indicate is appellant's own self-serving testimony that he 'was not aware' that he could be incarcerated if he violated the terms of his probation. The testimony of an appellant is insufficient to overcome the presumption of regularity of the records.") [Emphasis in original]; *Ex parte Masabattula*, No. 01-17-00651-CR, 2017 WL 5623527, at *2 (Tex. App. – Houston [1st Dist.] Nov. 21, 2017, no pet.) (mem. op., not designated for publication) (rejecting habeas applicant's complaint that the trial court failed to admonish him of immigration consequences arising from his guilty plea and instead holding that the applicant failed to overcome the presumption of the judgment's validity that arose based on his failure to provide a reporter's record from neither the plea hearing nor habeas hearing).

We overrule the sole issue presented by Garcia-Escontrias in this appeal. As we uphold the trial court's ruling on an alternative theory of law applicable to this case, we need not address the State's laches argument.

## CONCLUSION

The trial court's judgment is affirmed.

GINA M. PALAFOX, Justice

December 10, 2019

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

8