

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-23-00148-CR
### No. 10-23-00149-CR

## EX PARTE ANIRUDDHA CHITALE

_____

### From the 40th District Court
### Ellis County, Texas
### Trial Court Nos. 29142CR-A and 29097CR-A

_____

## MEMORANDUM  OPINION

_____

In 2005, Aniruddha Chitale pleaded guilty in both trial court cause numbers 29142CR and 29097CR to the second-degree felony offense of sexual assault.  *See* TEX. PENAL CODE ANN. § 22.011.  Pursuant to a plea agreement, Chitale waived his right to trial by jury, and the State recommended the trial court defer a finding of guilt and place Chitale on community supervision for ten years.  Chitale completed his term of community supervision and was discharged in 2015, and his cases were dismissed.

In 2023, Chitale filed an application for writ of habeas corpus pursuant to article 11.072 of the Code of Criminal Procedure in each cause, in which he challenged the voluntariness of his pleas of guilty and asserted that he was denied effective assistance

of counsel. Chitale's ineffective-assistance-of-counsel claim was based on his allegation that his trial counsel failed to advise him that a plea of guilty would require him to register as a sex offender for the remainder of his life. Chitale also argued that his trial counsel's failure to properly advise him of the consequences of his pleas rendered his pleas involuntary. The trial court denied both of Chitale's applications without a hearing and entered orders that contained findings of fact and conclusions of law. These appeals ensued.

### Issues One and Two

In his first two issues, Chitale contends the trial court abused its discretion in denying habeas relief because (1) his pleas were involuntary and (2) he was deprived of effective assistance of counsel.

AUTHORITY

We review the trial court's denial of habeas relief for an abuse of discretion. *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd). We review the evidence in the light most favorable to the habeas court's ruling. *Id.* A court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

In article 11.072 habeas proceedings, the trial court is the sole finder of fact. *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021). We afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). This deferential review does not change even

when the habeas judge was not the trial judge because the habeas judge is a trial-level finder of fact to whom deference on certain issues is required. *Sanchez*, 625 S.W.3d at 144. "Findings of historical fact made at the trial level are still given deference on appeal even when the findings are based solely on affidavits." *Id.*

Some issues in an article 11.072 habeas proceeding are subject to *de novo* review. *Id.* We review *de novo* pure questions of law and application-of-law-to-fact questions that do not turn on credibility and demeanor. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

Article 11.072 is the exclusive means by which district courts may exercise original habeas jurisdiction in cases involving an individual who is serving a term of community supervision. *Torres*, 483 S.W.3d at 42. An applicant for a writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Id.* There is also a presumption of the regularity of the trial court's judgment and underlying proceedings, absent a showing to the contrary. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Brown v. State*, 917 S.W.2d 387, 390 (Tex. App.—Fort Worth 1996, pet. ref'd) (per curiam). Applicants that seek relief based on ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Torres*, 483 S.W.3d at 43 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S.Ct. 2052, 2064, 2067–68, 80 L.Ed.2d 674 (1984)). If the applicant fails to make a showing under

either prong, his claim for ineffective assistance must be denied. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

> In the context of a collateral challenge to a guilty plea, the focus of the prejudice inquiry is on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," and on whether a defendant has shown that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Torres*, 483 S.W.3d at 43 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). A guilty plea is not knowing or voluntary if it was made because of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 688–89 (Tex. Crim. App. 2012). Therefore, when based upon erroneous advice of counsel, a defendant's decision to plead guilty is not done knowingly and voluntarily. *See id.* at 689.

DISCUSSION

In each of his trial court applications for habeas corpus relief, Chitale asserted that his "trial counsel erroneously advised [him] that he would only need to register as a sex offender for the ten-year period of deferred adjudication by pleading guilty," which resulted in an involuntary plea of guilty "because he did not understand the consequences of his plea as a result of the erroneous information provided to him from trial counsel." In support of his assertion, Chitale attached affidavits from himself, his wife, and his two trial attorneys, Tom Mills and Jim Jenkins. The affidavits from Chitale and his wife each included their recollections that Chitale was advised by trial counsel before his pleas of guilty that he would have to register as a sex offender for only ten years and that the requirement would end when his probation ended. The affidavit from trial counsel Tom Mills indicated he was "not asked and did not advise Mr. Chitale on

sex offender registration." Mills added that he believed Chitale's other trial counsel handled the issue of sex offender registration. The affidavit from trial counsel Jim Jenkins indicated that he recalled Chitale and the basic facts of his cases but that he did not recall some of the particulars of his representation of Chitale. Jenkins also stated in his affidavit, "I believe that I may have advised the Defendant, Dr. Chitale, that he would be required to register as a sex offender for ten years as a consequence of acceptance of the plea agreement; I do not remember."

The State filed a timely response and argued that Chitale had not shown "by a preponderance [either] that counsel's advice was outside the range of competence" or "that the result of the proceeding would have been different but for the incorrect advice." The State questioned the credibility of Chitale's and his wife's affidavits and questioned their motivations. The State also argued that Chitale received admonishments that put him on notice of lifetime registration.

The trial court, by written orders, denied Chitale's requested relief and made the following findings applicable to our review on Chitale's applications:

*Competence of counsel's advice*

8.) The affidavits of Applicant and his wife are not credible:

   a) Applicant and his wife both submitted affidavits that they specifically recall lead counsel James Jenkins informing Applicant before the plea hearing that he would only have to register as a sex offender for ten years. Applicant's Exhibits A & B;

   b) These affidavits focus on the difficulties Applicant and his wife have suffered since Applicant's plea and give them motive to misrepresent or misremember details of the plea process;

c) Applicant admits he was aware of the requirement for lifetime registration no later than when he was released from jail in late 2005;

d) Applicant's failure to show any contemporaneous claims that he had been misadvised contributes to the lack of credibility in his claims;

9.) The affidavits of trial counsel do not support Applicant's claim:

a) Jenkins submitted an affidavit that he does not recall what advice he gave Applicant regarding registration and he "may" have advised him incorrectly. Applicant's Exhibit C;

b) Co-counsel Tom Mills submitted an affidavit that he did not advise Applicant regarding sex offender registration and Jenkins was responsible for advising him. Applicant's Exhibit D;

c) Jenkins's vague acknowledgment that he "may" have misadvised Applicant but did not recall does not support Applicant's claims;

d) Applicant's 17-year delay in raising any complaint about counsel's advice contributed to Jenkins's inability to recall specifics and cannot be used to support his claim;

10.) Applicant was correctly advised regarding lifetime sex offender registration:

a) During the plea proceedings, Applicant signed Supplemental Admonishments to the Defendant for Sex Offender Registration. State's Exhibit 2;

b) This admonishment specifically informed Applicant that, for the offense of sexual assault, he would be required to register "for the remainder of the Defendant's life;"

c) Applicant did not explain or even acknowledge this document in his affidavit or the Application;

d) It is not reasonable that Applicant, a highly educated individual, would have signed these admonishments without reading them;

e) Applicant affirmatively stated in the plea hearing that he understood the documents he signed and understood the agreements contained within them. Applicant's Exhibit E;

11.) The credible evidence shows that Applicant was properly advised that he would be required to register as a sex offender for life;

. . . .

*Conclusion*

15.) Applicant did not receive ineffective assistance of counsel;

16.) Applicant's plea was not involuntary; and

17.) Applicant is not entitled to relief.

Chitale contends the trial court erred when it found (1) "that [he] was not erroneously advised by trial counsel concerning the consequences of his plea," and (2) "that [his] plea would not have been different but for the misadvice [*sic*] concerning the consequences of his plea."

The trial court was free to believe or disbelieve the affidavits submitted by the Chitales, and the trial court found the affidavits were not credible. *See Sanchez*, 625 S.W.3d at 144. Chitale's affidavit testimony was contradicted by his testimony at his plea hearing that reflects that Chitale understood the documents he signed. The record in each cause includes a "Supplemental Admonishments to the Defendant for Sex Offender Registration" signed by Chitale that includes an admonishment that the offense of sexual assault requires lifetime registration as a sex offender. Jim Jenkins's affidavit was the only other affidavit that addressed the issue of sex offender registration; however, it

offered nothing more than speculation about his advice because his affidavit was conditioned with the statement, "I do not remember." Without credible evidence, Chitale could not prove by a preponderance of the evidence that his trial counsel was deficient. *See Torres*, 483 S.W.3d at 43. After our review of the evidence in the light most favorable to the habeas court's rulings, we conclude that Chitale failed to show his trial counsel's performance was deficient; therefore, we need not address prejudice. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Because Chitale failed to show his trial counsel's performance was deficient, we further conclude that Chitale's pleas were not involuntary. We overrule Chitale's first and second issues.

## Issue Three

In his third issue, Chitale contends the trial court erred in not conducting a hearing on his applications.

AUTHORITY

"We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas-corpus application under an abuse-of-discretion standard." *Ex parte Godinez*, No. 10-13-00063-CR, 2014 WL 98816, at *1 (Tex. App.—Waco Jan. 9, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd), and *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.)). A court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Wolf*, 296 S.W.3d at 166.

In an article 11.072 habeas proceeding, a trial court may order affidavits, depositions, interrogatories, or a hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §

6(b). Nothing in article 11.072 requires the trial court to conduct a hearing. *See Cummins*, 169 S.W.3d at 757; *see also Ex parte Dixon*, No. 11-20-00161-CR, 2022 WL 1498140, at *5 (Tex. App.—Eastland May 12, 2022, pet. ref'd) (mem. op., not designated for publication). A trial judge is only required to hold a hearing when newly discovered evidence, if believed, establishes a defendant's innocence. *Ex parte Franklin*, 310 S.W.3d 918, 922 (Tex. App.—Beaumont 2010, no pet.).

DISCUSSION

Chitale contends he was entitled to present explanations or to respond to the State's arguments concerning delays or witness credibility raised by the State in its response to Chitale's applications. Chitale argues that several of the trial court's findings "contained explicit and implicit credibility determinations that were unfounded and not supported by the evidence and record."

The trial court found that Chitale's and his wife's affidavits were not credible based on the recited difficulties they suffered complying with registration requirements that gave them a motivation to misrepresent/misremember details of the plea process. The trial court also found that Chitale's awareness of lifetime registration requirements when he was released from jail in 2005 and his failure to show contemporaneous claims that he had been misadvised all went to credibility. Additionally, the trial court found Chitale's trial counsel's affidavit that was based upon trial counsel vaguely acknowledging that he "may" have misadvised Chitale while clearly acknowledging that he did not remember did not support Chitale's claim. The trial court also found that Chitale's seventeen-year delay in raising his complaints contributed to trial counsel's

inability to recall specifics and therefore could not be used to support Chitale's applications.

Chitale relies on *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014), to support his argument that he was entitled to a hearing on the issue of delay in bringing these habeas proceedings. *Smith* provides that an applicant must be afforded a hearing before a court recommends or concludes that laches compels the application's denial. *Id.* at 670. But Chitale's reliance on *Smith* is misplaced because Chitale's applications were not denied on the grounds of laches.

Because grounds other than the seventeen-year delay support the trial court's findings questioning credibility, we conclude the trial court did not abuse its discretion in denying Chitale a hearing on his applications. We overrule Chitale's third issue.

We affirm the orders of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed August 22, 2024
Do not publish
[CR25]

